Charles E. Morrison, Executor, etc. v. A. H. Blackall et al.

John D. Ware v. Charles E. Morrison, Executor, etc., et al.

1. PRACTICE—*Waiver of Proof of Undisputed Allegations.*—A person representing himself to be the executor of one of the parties interested in a suit, filed a petition asking that he be made a party to the suit, as such executor, and an order was entered granting such petition. No objection was made to such order and no one questioned the truth of

the statements of the petition as to the right of the petitioner to sue as executor. *Held*, that under the circumstances, no objection could be made on appeal, on the ground that formal proof was not made by such petitioner of his right to sue as such executor.

2.   LANDLORD AND TENANT—*Assignment of Lease—Lessor's Right of Action on Covenants Running with the Land.*—Where a lessee assigns his whole estate, without reserving to himself a reversion therein, a privity of estate is at once created between his assignee and the original lessor, and the lessor has a right of action directly against the assignee on the covenants running with the land, one of which is to pay rent; and this rule holds although the rent reserved in the original lease is not the sum fixed by the assignment to be paid by the assignee.

3.   SAME—*Rights and Liabilities of an Assignee or Receiver of the Lessee.*—Whether an assignee or receiver will become the assignee of, or bound to pay, rent provided in a lease held by the insolvent, is for the assignee or receiver to determine.   But if he continues to remain in occupancy of the demised premises, beyond a reasonable time within which to make an election as to what he will do in that regard, he will be presumed to have elected to assume the lease, and will be bound to pay the rent provided thereby.

4.   SAME—*Right of Landlord to Collect Rent of Assignee of Lease.*— Where a lessee assigns his whole estate, a privity of estate is at once created between his assignee and the original lessor, and a court of equity should order the payment of the rent to the original lessor, by a receiver of the assignee, there being no reason why it should pass through the hands of the lessee.

5.   SAME—*Liability of Assignee of Lease to Landlord.*—Where a lessee assigns his whole estate, a privity of estate is at once created between his assignee and the original lessor, and the assignee is bound to see that the rent reserved in the lease is paid to the original lessor, and a payment to the lessee will not release him.

**Intervening Petitions**, against a receiver.   Appeals from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.   Consolidated by order of the Appellate Court.   Heard in this court at the October term, 1896.   Affirmed in part, reversed in part, and remanded with directions.   Opinion filed January 21, 1897.

### STATEMENT OF THE CASE.

This is an appeal from an order entered by the Superior Court of Cook County in a receivership proceeding, wherein appellant Morrison and appellees A. H. Blackall & Son, and the Chicago Title & Trust Company, as assignee, were intervening petitioners.   The order was entered April 28, 1895, and directed the payment of rent by the receiver, James W.

Nye, for the premises No. 121 South Clark street, Chicago, Illinois, as hereinafter set forth.

In the proceedings it appeared that on December 2, 1891, Ezekiel Morrison executed a lease to A. H. Blackall & Son for the first floor and basement of the premises known as number 121 South Clark street, Chicago, Illinois, at an annual rental of $8,500, or $708.33 per month, for a period of five years. Afterward, A. H. Blackall & Son leased the same premises to the Economical Drug Company, from May 1, 1892, to April 30, 1897, for a rental of $10,000 per annum. Two thousand five hundred dollars was paid in cash by the Economical Drug Company to A. H. Blackall & Son on this lease, as security for the rent for February, March and April, A. D. 1897, being the last three months of the term of said lease, the lease providing, as to this, " that the same is to be forfeited to the parties of the first part as liquidated damages in case of the failure of the party of the second part to carry out the covenants and prompt payment of the rent reserved under this lease."

On July 12, 1893, James W. Nye was appointed by the Superior Court of Cook County receiver of the Economical Drug Company, on a bill filed by various judgment creditors.

The receiver was authorized by the Superior Court to continue the retail drug business of the Economical Drug Company, and paid rent to A. H. Blackall & Son at the rate of $833.33 per month, or $10,000 per year, until July, 1894. These payments were made on the express written agreement that James W. Nye was not to be held, either personally or as receiver of the Economical Drug Company, as assuming the burdens of the Blackall lease, except to pay rent under the order of the court for the occupancy of the premises. A short time prior to July, 1894, receiver Nye learned that A. H. Blackall & Son were insolvent and about to fail, and on the 23d day of July, 1894, A. H. Blackall & Son made a voluntary assignment, in the County Court of Cook County, to the Chicago Title & Trust Company, as assignee. Shortly thereafter the assignee filed a disclaimer of the Morrison lease in the

County Court of Cook County. The receiver did not pay two checks of $250 each, which had been given for the balance due for rent for July, 1894.

Proceedings were instituted by Morrison against the Blackalls, the Economical Drug Company, and the receiver, before a justice of the peace, in forcible detainer, to terminate the lease between Morrison and the Blackalls. About the same time petitions were filed in the Superior and County Courts on behalf of Morrison for the possession of the premises. On September 28, 1894, the Chicago Title & Trust Company, as assignee of A. H. Blackall & Son, filed its petition in the receivership proceeding, claiming rent from the receiver under the Blackall lease at the rate of $10,000 a year. Subsequently the Chicago Title & Trust Company filed several amended and supplemental petitions, claiming accruing rents for various months. On the 9th day of April, 1895, Morrison and the Blackalls, by separate petitions, were made parties complainant to and adopted the petitions of the Chicago Title & Trust Company, so far as the matters therein set forth apply to their respective interests. On October 18, 1894, appellant John D. Ware, as a judgment creditor of the Economical Drug Company, filed his answer and cross-petition, setting up that the premises, 121 South Clark street, had greatly deteriorated, and that the rental value of $10,000, or even $8,500 a year, was excessive, and that the location had become undesirable, and that the receiver was willing to move out. A hearing was finally had in the Superior Court, and a decree entered on April 28, 1895, ordering the money to be paid as follows:

1. Five hundred dollars to be paid by the receiver to Moses, Pam, & Kennedy, as solicitors for the Chicago Title & Trust Company, assignee of A. H. Blackall & Son, for the back rent of July, 1894, for which checks had theretofore been issued by the receiver to A. H. Blackall & Son.

2. Four thousand five hundred and eighty-two dollars and thirty cents to be paid by the receiver to Moses, Pam & Kennedy, as solicitors for A. H. Blackall & Son, for rent

for the months of August, September, October, November and December, 1894, and January, February, March, and up to April 15, 1895, for the premises, 121 South Clark street, at the rate of $833.33 a month, or $10,000 a year, being $7,082.30, less the sum of $2,500, the amount paid in advance by the Economical Drug Company to A. H. Blackall & Son. The petition of Charles E. Morrison, executor of the estate of Ezekiel Morrison, deceased, was dismissed for want of equity. From this order appeals were prayed by appellant Charles E. Morrison, as executor, and by appellant John D. Ware, judgment creditor.

JOHN C. SCOVEL, attorney for Charles E. Morrison, Ex'r, etc.

KEEP & CROSS, attorneys for John D. Ware.

MOSES, PAM & KENNEDY, attorneys for appellees Blackall & Son and Chicago Title & Trust Co., assignee.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellee James W. Nye, receiver, etc.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is urged that the appellant Charles E. Morrison, executor of the estate of Ezekiel Morrison, deceased, is not entitled to prosecute either of these appeals, because he did not make formal proof of the death of Ezekiel Morrison, and that he was his duly constituted executor.

Charles E. Morrison, as such executor, on the 9th of April, 1895, came into court, asking that he be made a party, as such executor, to the various petitions, already filed, of the Chicago Title & Trust Company, as assignee, and upon the same date A. H. and E. S. Blackall, appellees, came, asking that they be made parties complainant to the various petitions of the assignee; and thereupon an order of court was made, allowing said Morrison, as such executor, and A. H. and E. S. Blackall, to become parties to the proceeding,

and to file their petitions therein. Thereafter, on the 28th of April, 1896, said Morrison, as such executor, filed an amended petition.

No objection appears to have been taken in the court below to the order allowing said Charles E. Morrison, as such executor, to become and be a party to the said proceedings, and throughout he, after his appearance, was treated as being such executor, no one questioning the truth of his representations in that regard.

The Chicago Title & Trust Company, in a petition by it filed in said matter, made, among others, the following allegation: "Petitioner further shows that said Ezekiel Morrison died testate, and that Charles E. Morrison is the executor of the last will and testament of said Ezekiel Morrison, and is acting as such."

Appellees A. H. and E. S. Blackall became parties to such petition, adopting the statements therein so far as applicable to their rights, which petition was offered in evidence by said Charles E. Morrison.

We think that under the circumstances, it is now too late to object that formal proof was not made by said Charles E. Morrison of the death of Ezekiel Morrison, and of the appointment of him, Charles, as executor.

Ezekiel Morrison leased to Blackall & Son the premises known as 121 South Clark street, at a rental of $8,500 per annum, for a term ending April 30, 1897. Thereafter, on the 2d day of December, 1891, Blackall & Son leased the same premises to the Economical Drug Company, at a rental of $10,000 per annum, for a term ending on the 30th day of April, 1897. The term of each of the leases expired at the same moment.

Where a lessee assigns his whole estate, without reserving to himself a reversion therein, a privity of estate is at once created between his assignee and the original lessor, and the lessor then has a right of action directly against the assignee on the covenants running with the land, one of which is that to pay rent, because such assignment of the entire term, there being no reversion in the assignor, creates a

privity of estate between the original lessor and the assignee to whom the entire estate formerly held by the assignor has passed, so that there then exists only two estates, that of the original lessor, as owner and entitled to reversion, and that of the assignee, who holds for a term as a tenant, being bound to restore the premises, not to his assignor, but to the original lessor. Sexton v. Chicago Storage Co., 129 Ill. 318.

And this rule holds, although the rent reserved in the original lease is not the sum fixed by the assignment to be paid by the assignee.

Unless, therefore, there was in the lease made by Blackall & Son to the Economical Drug Company some provision preventingt he operation of the before-mentioned rule of law, the effect of such lease was to create a privity of estate between Morrison and the Economical Drug Company, and render it liable to pay him rent.

Upon the hearing in the court below, this lease could not readily be found; counsel therefore stipulated as to the commencement and end of the respective terms created by each of said leases, and also as to the amount of rent reserved in each, and the fact of the payment of the sum of $2,500 by the Economical Drug Company to Blackall & Son for the last three months of the term of said lease, with the condition as to the forfeiture of the same before mentioned.

Counsel were not able to agree that the foregoing were all the provisions of the lease, Mr. Moses, as counsel for A. H. Blackall & Son, stating: "There are the usual provisions in the lease which are current in Chicago, and which do not bear upon this controversy."

In the absence of any more definite agreement than this as to the further provisions of the lease, or in the absence of any evidence that there was any provision of the lease preventing the operation of the well known rule of law in case of the assignment by a lessee of his entire term, it must be presumed that there was no such provision. Such being the case, it follows that by the assignment by the Blackalls to the Economical Drug Company, a privity of estate was

created between Morrison and said company, and it became liable to pay him the rent which he was entitled to receive from Blackall & Son, namely, at the rate of $8,500 per annum, payable monthly in advance.

During the course of the proceedings in the court below, Morrison, not obtaining his rent according to the terms of his lease, served notice that he had elected to determine the same, and began proceedings in forcible detainer, which proceedings were afterward abandoned.

The receiver of the Economical Drug Company, who was then in possession of the premises, might have acceded to the demand so made by Morrison, and yielded possession of the premises, and thus terminated all liability resting upon him personally, or upon the estate which he represented, to pay rent.    Instead of doing this, he continued to remain, and it appears that Mr. Morrison, desiring to prosecute proceedings in forcible detainer, was resisted, both the County Court and the Superior Court refusing to give him leave to prosecute such suit in a justice court; whereupon Morrison abandoned his attempt, and permitted the receiver to remain in possession.    Such abandonment, coupled with the receiver's refusal to yield, and continuance in possession, served to keep alive the lease, and amounted to a rescission, by mutual agreement, of the notice to terminate the lease and the attempt to get possession.

It is urged that the receiver, while in possession, was bound to pay, neither to Blackall & Son, or to Morrison, the rent provided in either of the leases, but is obligated for only a reasonable rent, which, it is insisted, was much less than the sum fixed in either lease; and what was said by this court in Williard v. World's Fair Encampment Co., 59 Ill. App. 336, to the effect that in that case, the assignee was bound to pay a reasonable sum for the use and occupation of leased premises as a part of the expense of administration, is cited as authority for the above mentioned contention.    What is there said was in reference to the facts of that case, and does not purport to be a general statement of the obligation resting upon either receivers or assignees

in respect to leases belonging to the estates which they represent.

We regard the rule to be, that a receiver or an assignee of an insolvent may accept the trust conferred upon him without becoming the assignee of any lease held by the insolvent. Whether such assignee or receiver will become the assignee of or bound to pay rent provided in a lease held by the insolvent, is for the assignee or receiver to determine. He has a right to elect what he will do in this regard, and, if the landlord take no action, a reasonable time within which to make such election. If he continue to remain in occupancy of the demised premises beyond such reasonable time, he will be presumed to have elected to accept the lease, and will be bound to pay the rent provided thereby. Smith v. Goodman, 149 Ill. 75.

In the present case, it appears that the receiver, upon his petition on the 12th of July, 1893, obtained from the court authority to carry on the business of the Economical Drug Company, at the leased premises, and under such order continued so to do up to April 15, 1895. The receiver, having thus elected to accept the lease, is bound to pay the rent provided for therein.

It is urged by Blackall & Son, that although it should be found that by their assignment to the Economical Drug Company, a privity of estate was created between Morrison and said company, and thus it became liable to pay Morrison rent, yet the order of the court should be that the receiver pay to Blackall & Son rent at the rate of $8,500 per annum, and to Morrison at the rate of $1,500 per annum; that the court is passing upon only the legal rights of the parties, and will not take notice of equitable rights or obligations, nor regard the fact that Blackall & Son are and were insolvent, so that they were unable to respond to the demand of Morrison upon them for rent.

It is quite true that in the main, the court below was passing upon the legal rights of the parties, yet the proceeding under which the parties were brought into court was an equitable one, and all the orders from which these ap-

peals are prosecuted were orders made in chancery. In some respects the proceedings in the court below were quite informal, the evident intention of all the parties being that all the facts should be presented to the court, that therefrom the court might make such order as was proper in the premises. In the presentation of the appeals to this court the same disposition has been evinced.

A court of equity delights to do entire justice, and not by halves, and this justice it will, if possible, do straight-forwardly, and not by indirection.

The obligation of the Economical Drug Company to pay rent to Morrison, under the privity of estate with him, is a legal one, and there is no reason why such payment should be ordered to be made through the hands of the Blackalls.

The $2,500 paid by the Economical Drug Company to A. H. Blackall & Son, at the time its lease was made, was for the last three months of its term, and it was stipulated in the lease that such payment should be forfeited in case the Economical Drug Company did not fulfill the provisions of its lease; such sum of money, by such payment, became at once the property of A. H. Blackall & Son, but the payment was in no wise a discharge of any portion of the obligation of said Drug Company to Mr. Morrison; his right to the rent provided for in the lease by him made, and the obligation of the Economical Drug Company to pay it, remained the same. If, at the making of the lease by the Blackalls to the Drug Company, it had paid to them the rent for the entire term, such payment would not have affected the right of Morrison to recover from it the rent to which he was entitled under the lease by him made. In the present controversy, the rights of Morrison against Blackall & Son are not under consideration, as he is not attempting here to recover anything from them.

The order of the Superior Court as to the payment of $500 to Moses, Pam & Kennedy, as solicitors for the assignee of A. H. Blackall & Son, is affirmed, and the Superior Court is directed to order the receiver to pay, also, interest at five per cent per annum on said $500, from the 31st day

of July, 1894, to the date of said decree, said payment of interest to be made to Moses, Pam & Kennedy, as solicitors for the assignee of A. H. Blackall & Son.

The order dismissing the petition of Charles E. Morrison, executor, is reversed.

The order of the Superior Court as to the payment of $4,582.30 to Moses, Pam & Kennedy, as solicitors for A. H. Blackall & Son, is reversed, and this cause is remanded to the Superior Court, with directions to order the receiver to pay to Charles E. Morrison, as executor of the estate of Ezekiel Morrison, deceased, the sum of $708.33 for each of the months of August, September, October, November and December, 1894, and January, February and March, 1895, and at that rate per month up to April 15, 1895, together with interest thereon at the rate of five per cent per annum for each of said monthly payments, from the first of each of the respective months for which such payment is to be made; and to order the said receiver to pay to Moses, Pam & Kennedy, as solicitors for A. H. Blackall & Son, the sum of $125 per month for the months of August, September, October, November and December, 1894, and January, February and March, 1895, and up to April 15, 1895, together with interest thereon at the rate of five per cent per annum from the first day of each of the respective months for which such payment is to be made.

Affirmed in part, and reversed and remanded in part, with directions.