A. H. BLACKALL *et al. v.* CHARLES E. MORRISON, Exr. *et al.*

and

JOHN D. WARE *v.* CHARLES E. MORRISON, Exr. *et al.*

*Opinion filed November 8, 1897—Rehearing denied December 14, 1897.*

1. RECEIVERS—*receiver must pay rent as provided by order of court.* A receiver of a drug company, who takes possession of the premises leased by it under an order of the court requiring him to carry on the business of the company and pay the rent reserved in the lease until the further order of the court, and who makes the payments as provided until the insolvency of the lessor, retaining possession of the premises, after such insolvency, during the time when proceedings were pending in court to determine to whom the monthly rental should be paid, cannot insist that the rent for such time should be the reasonable rental value of the premises, and not the rent named in the order.

2. SAME—*when receiver of lessee is bound by terms of lease concerning sum deposited as forfeit.* A sum deposited with the lessor by the lessee, covering the last months of his five year lease, which it is stipulated in the lease shall be forfeited to the lessor as liquidated damages in case of the lessee's failure to carry out the lease, can not be applied by the receiver of the lessee as part payment of the rent for the time the premises were occupied by him, where the amount of damages sustained by the lessor by reason of the lessee's inability, through insolvency, to complete the lease exceeds the amount deposited as forfeit.

*Morrison* v. *Blackall,* 68 Ill. App. 504, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

Ezekiel Morrison, on the second day of December, 1891, executed a lease to A. H. Blackall and E. S. Blackall, composing the firm of Blackall & Son, for the first floor and basement of the premises known as 121 South Clark street, Chicago, at an annual rental of $8500, or $708.33 per month, for a period of five years, from the first day of May, 1892, until the last day of April, 1897. Blackall & Son afterwards, on the same day, leased the same

premises to the Economical Drug Company for a period
of five years, from May 1, 1892, to April 30, 1897, for the
annual rental of $10,000, or $833.33 per month in advance,
and the drug company paid the sum of $2500 to Blackall
& Son for the rent for the last three months of the said
period, to-wit, February, March and April, 1897. Said
lease contained a reference to the said $2500, which was
as follows: "The same is to be forfeited to the parties
of the first part (Blackall & Son) as liquidated damages
in case of the failure of the party of the second part to
carry out the covenants and make prompt payment of the
rent reserved under the lease."

On the 12th day of July, 1893, the Superior Court of
Cook county, by virtue of a bill filed by various judgment
creditors of the Economical Drug Company, appointed
James W. Nye receiver of the estate and effects of the
said drug company, and directed said receiver to con-
tinue its business under the order and direction of the
court. On the 26th day of July, 1893, the receiver filed
a petition in the Superior Court, asking, among other
things, for an order in relation to the payment of rents
to said Blackall & Son for the premises described in the
lease hereinbefore mentioned, upon which petition the
court entered the following order: "That the receiver
herein pay to A. H. Blackall & Son the sum of $833.34
as rent for the month of July, 1893, and the like sum of
money as rent for each succeeding month until the fur-
ther order of this court." In pursuance of this order the
receiver conducted the business of the said drug com-
pany in the premises described in the said lease, and paid
rent therefor to said Blackall & Son at the rate of $833.33
per month until he learned that the firm of Blackall &
Son had become insolvent, which fact came to his knowl-
edge on the 24th day of July, 1894. Blackall & Son made
an assignment for the benefit of creditors on the 23d day
of July, 1894, and the county court of Cook county ap-
pointed the Chicago Title and Trust Company assignee

for the said insolvent firm. The receiver of the Economical Drug Company refused to make payment of two checks which he had issued to Blackall & Son for a portion of the rent due for the month of July, 1894.

In the early part of August, 1894, Ezekiel Morrison served a notice upon said Nye, receiver of the drug company, and Blackall & Son, for the purpose of terminating the lease for non-payment of rent. In pursuance of the notice, he, on the 20th day of August, instituted an action of forcible detainer before a justice of the peace, and about the same time filed a petition in the Superior Court against the receiver, Nye, and in the county court against the assignee of Blackall & Son.

The Chicago Title and Trust Company, as assignee of Blackall & Son, filed a disclaimer of any interest in the lease from Morrison, and on the 28th day of September, 1894, filed a petition in the Superior Court alleging that the receiver of the drug company was still in the possession of the premises in question and refused to pay the two checks for the rent of such premises for the month of July, 1894, and also the rent, under the lease, for the months of August and September, upon the ground that he, as assignee of the drug company, had a right to have the said sum of $2500 paid to Blackall & Son upon the lease applied to the discharge of any amount due from him for the rent of said premises, and prayed for an order directing the receiver to pay to the trust company, as assignee of Blackall & Son, the amount of the said two checks and the rent for August and September.

On the 18th of October, 1894, John D. Ware, a judgment creditor of the drug company, filed an answer to the petition of the trust company, as assignee of the Blackalls, and also a cross-petition, in which he, among other things, denied that Nye, as the receiver of the drug company, was in any way bound by the conditions of the lease to pay rent to any one, except for such time and period as he should remain in possession thereof under

such order as the court has heretofore or may hereafter make, and that because of the insolvency of Blackall & Son it was unwise and unsafe to pay the said July checks, and that the receiver had refused to pay them solely for that reason; that both Morrison and the assignee of Blackall & Son were demanding the payment of the rent, and that Blackall & Son had paid no rent to Morrison since the date of their assignment; that the said receiver was entitled to have the said sum of $2500 paid to Blackall & Son applied to the payment of rents, and that the assignee of Blackall & Son and the said Morrison were combining and confederating together to defraud the creditors of the drug company out of the said sum of $2500; that the premises were not desirable as a location for the business of the receiver of the drug company; that the rental value thereof did not exceed $500 per month, and prayed the court that, upon a hearing, the assignee of Blackall & Son should be required to answer his petition and the court should order the rent should be set off against the said sum of $2500, and that the receiver of the drug company should be ordered, within a reasonable time, to secure other premises in which to conduct the business of the said company.

The matter remained pending in the court, during which time the assignee of Blackall & Son, the trust company, filed amended petitions praying for an order for the payment of the accruing monthly rental, in the last of which we find the following: "Your petitioner further shows that it has disowned said lease, as said assignee, and that by reason of said disclaimer the equitable interest in said lease remains in said A. H. Blackall & Son, while the legal title is in your petitioner for the benefit of the said A. H. Blackall & Son, so far as the collection of accruing rents are concerned. Your petitioner therefore prays that an order may be entered herein directing said receiver to pay to your petitioner, for the benefit of

A. H. Blackall & Son, the sum of $2999.99, which sum is now due from said receiver under said contract of lease."

In the meantime Ezekiel Morrison died, and Charles E. Morrison, his executor, obtained leave of the court and filed an intervening petition, in which he prayed to be made complainant to the various petitions filed by the trust company, assignee; that he adopted said petitions so far as they affected his interests. He made a copy of the lease made by Ezekiel Morrison, deceased, to Blackall & Son part of his petition, and prayed he might be granted the benefit of such relief as it might be found he was entitled to have. Afterwards, the said executor of the estate of said Ezekiel Morrison, deceased, by further leave of the court, filed an amended petition, praying that out of whatever sum was ordered to be paid by the said receiver for the rent of said building, an amount should be ordered paid to him sufficient to discharge the amount stipulated in the lease given by his testator to Blackall & Son to be paid as rent of the premises. Said E. S. and A. H. Blackall, composing the firm of Blackall & Son, filed a petition praying that they might be made complainants to the various petitions filed by the trust company, alleging that they adopted said petitions so far as they applied to their interests, and that such relief might be granted to them as they might be entitled to have.

The issues arising under the various petitions and answers thereto, together with the evidence introduced by the various parties bearing thereon, were submitted to the court, and a decree rendered on the 28th day of April, 1896. The court ordered and decreed that the receiver of the drug company should pay to the Chicago Title and Trust Company, assignee of Blackall & Son, the sum of $500, balance due for the rent of July, 1894, represented by two checks hereinbefore mentioned, and found that by agreement between Blackall & Son and Morrison the lease was terminated on the 15th day of April, 1895, and that possession of the premises was surrendered on that day;

that the said receiver should pay to Blackall & Son the
sum of $4582.30, being the accrued rent for the premises
for August, September, October, November and Decem-
ber, 1894, and January, February, March and to April 15,
1895, less the $2500 heretofore mentioned, which the court
held should be credited the receiver in account between
such receiver and Blackall & Son.   The court further or-
dered that the petition of Charles E. Morrison, executor,
be dismissed.   Morrison, the executor, and John D. Ware,
prosecuted separate appeals to the Appellate Court for
the First District, where such appeals were consolidated
and submitted for decision.

The judgment of the Appellate Court was as follows,
viz.: "The order of the Superior Court as to the payment
of the $500 to Moses, Pam & Kennedy, as solicitors for
the assignee of A. H. Blackall & Son, is affirmed; and the
Superior Court is directed to order the receiver to pay
also interest at five per cent per annum on said $500 from
the 31st day of July, 1894, to the date of said decree, said
payment of interest to be made to Moses, Pam & Ken-
nedy as solicitors for the assignee of A. H. Blackall &
Son.   The order dismissing the petition of Charles E.
Morrison, executor, is reversed.   The order of the Supe-
rior Court as to the payment of $4582.30 to Moses, Pam
& Kennedy, as solicitors for A. H. Blackall & Son, is re-
versed and this cause is remanded to the Superior Court,
with directions to order the receiver to pay to Charles
E. Morrison, as executor of the estate of Ezekiel Morri-
son, deceased, the sum of $708.33 for each of the months
of August, September, October, November and Decem-
ber, 1894, and January, February and March, 1895, and at
that rate per month up to April 15, 1895, together with
interest thereon at the rate of five per cent per annum
for each of said monthly payments from the first of each
of the respective months for which such payment is to
be made; and to order the said receiver to pay to Moses,
Pam & Kennedy, as solicitors for A. H. Blackall & Son,

the sum of $125 per month for the months of August, September, October, November and December, 1894, and January, February, March, 1895, and up to April 15, 1895, together with interest thereon at the rate of five per cent per annum from the first day of each of the respective months for which such payment is to be made."

From the decree of the Appellate Court Blackall & Son and John D. Ware prosecuted several appeals. By stipulation of the parties the appeals were consolidated and submitted for decision in this court.

MOSES, ROSENTHAL & KENNEDY, and PAM & DONNELLY, for appellants A. H. Blackall and E. S. Blackall.

NEWMAN, NORTHRUP & LEVINSON, and KEEP & CROSS, for appellant John D. Ware.

JOHN C. SCOVEL, and WILLIAM J. AMMEN, for appellee Charles E. Morrison.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The errors assigned by appellant John D. Ware present two questions: (*a*) Should the receiver of the Economical Drug Company have been required to pay rent at the rate of $833.33 per month, or ought evidence have been received to show the reasonable rental value of the premises occupied by him, and the receiver ordered to pay solely according to the development of such evidence? (*b*) Should the sum of $2500 paid Blackall & Son by the Economical Drug Company when the lease for the premises was executed, have been applied as a set-off in favor of the receiver of the drug company against any sums due for the rent of the premises?

The Superior Court entered an order directing the receiver to occupy the premises No. 121 South Clark street and conduct the business of the insolvent drug company there, and to pay rent therefor at the rate of $833.33 per month until the court should otherwise direct by a subse-

quent order. No other order was entered relative to the place where the business of the drug company should be carried on or as to the amount to be paid for rent of the premises. Pursuant to this order the receiver occupied the premises and transacted the business of the company therein. He paid a monthly rental of $833.33 until Blackall & Son became insolvent, and then declined to pay for the month of July, for the reason Morrison, the original lessor, Blackall & Son, and the assignee of Blackall & Son, each claimed they were entitled to receive it, and for the further reason it was claimed Blackall & Son had become insolvent and were unable to protect and keep alive the lease by making the necessary payments to Morrison; that the drug company was entitled to demand the return of the $2500 paid by it to Blackall & Son for the faithful fulfillment of the obligations of the drug company under the terms and conditions of the lease, but if such obligations were performed, to be applied in payment of the rent for the three months last preceding the termination of the lease, or to have such sum set off against the rents. That the rent was too high was not suggested as a ground of refusal to pay rent.

The Chicago Title and Trust Company, as assignee for the firm of Blackall & Son, sought, by way of a petition filed in the Superior Court in the case in which the decree was rendered appointing a receiver for the drug company, to obtain an order of the court directing the payment to it of a portion of the rent, and A. H. and E. S. Blackall, who composed the firm of Blackall & Son, and the executor of the original lessor, Ezekiel Morrison, joined in said petition, and asked the court to determine the merits of their respective claims to the rent for the month of July, 1894, and the accruing rents for the period during which the petitions were pending in court for hearing.

The appellant Ware, who was interested in the assets of the drug company as a judgment creditor thereof, filed an answer to the petition of the trust company, assignee

of Blackall & Son, and a cross-petition, in one instrument. The allegations of the answer and cross-petition relate only to the contentions of the various persons claiming to be entitled to receive the rents, and to the claim that the said sum of $2500 paid by the drug company to Blackall & Son on the lease should be applied to the payment of the demand for rents. There is an allegation that the premises, on account of the alleged unfavorable surroundings, are unsuitable and undesirable as a location for a drug store, and that the rental value thereof is not above $500 per month, and a suggestion that the receiver shall be ordered to secure a more advantageous location and at a cheaper rental. The prayer of the petition is, that the court may order that the sum of $2500 paid to Blackall & Son, as before mentioned, should be applied to any claim for rent against the drug company, and that the receiver of the drug company should be ordered to secure other premises in which to transact the business of the company.

It does not appear the complaint sought to be urged in this court, that the Superior Court should have ascertained and ordered the receiver to pay the reasonable rental value of the premises, was presented by any of the petitions or answers filed in the Superior Court. The allegations of the petition of the appellant Ware are consistent only with the theory he understood the premises were occupied under an order of the court fixing the rental to be paid therefor, and that he desired the court should make further order with relation thereto, directing the receiver to vacate the premises and secure a more desirable and cheaper location. The Superior Court had ordered the receiver of the drug company to occupy the premises in question and conduct the business of the company there, and had fixed the amount he should pay as rent therefor at the sum of $833.33 per month until the court should otherwise order. The receiver complied with this order, resisted the action of forcible detainer brought

by Morrison to recover possession from him, and continued in the occupancy of the premises during all the period of time for which he was ordered to pay rent by the decree. His occupancy was under the order of the court fixing the amount to be paid as rent, and, no subsequent order having been made, the parties entitled to rent were entitled to receive the amount provided to be paid by the order of the court. It would be highly unjust to allow the receiver to occupy the premises under an order providing for the payment of a fixed sum per month as rent, and after such occupancy had continued for nearly a year, while the parties were contending as to whom the monthly sum was to be paid, to insist that payment of rent should not be made according to the provisions of the order, but that the party entitled to the rent should be required to show by proof the reasonable rental value thereof.

As to the second question presented by the appellant Ware, we think the judgment of the Appellate Court is also correct. The payment of the said sum of $2500 by the drug company to Blackall & Son was for the purpose of securing the performance by the drug company of its obligations in the lease, with the further provision if such obligations were performed that the sum should be applied in discharge of the rents for the last three months of the lease, and if not performed the same should be forfeited to Blackall & Son as liquidated damages. It is unnecessary we should determine whether the language thus used by the parties should be construed to allow the recovery of only such damages as it should appear had been actually sustained, for the reason the testimony warranted the conclusion the damages actually sustained exceeded the sum of $2500. The lease had twenty-three and one-half months to run after the date of the last payment ordered to be made by the decree appealed from. Blackall & Son were required by the lease executed by them to Morrison to pay the sum of $708.33 per month, and the

drug company, under its contract with Blackall & Son, the sum of $833.33 per month. The difference in these monthly payments is $125, and to that extent Blackall & Son were damaged by the failure of the drug company to fulfill its obligations to them. A loss of this sum per month for the remaining period of the lease, to-wit, for the period of twenty-three and one-half months, would make a total of $2937.50.

We agree with the Appellate Court in its conclusion that the Superior Court erred in holding the rents should be allowed as a set-off against the sum paid by agreement of the parties as liquidated damages. It only remains to determine whether the Appellate Court erred in apportioning the fund created by the payment of the rents between the claimants thereto.

The proceeding was pending in a court of equity. Blackall & Son, and Charles E. Morrison, executor of Ezekiel Morrison, deceased, voluntarily became parties thereto, and each expressly prayed the "benefit of such relief as they might be found entitled to in the premises." From every equitable point of view, Blackall & Son, being insolvent, were only entitled to receive the residue after the payment to the executor of Morrison of the amount due him. It would have been manifestly wrong and inequitable to have ordered the entire fund to be paid to Blackall & Son and to have remitted Morrison to his remedy against them in their insolvent condition.

Neither of these parties complains of the decree directing the remainder of the rent for the month of July, 1894, to be paid to the assignee of Blackall & Son. Whether the assignee of Blackall & Son is entitled to receive the amount decreed to be paid to the members of that firm is not raised by the record nor referred to by any of the parties in interest. The appellant Ware is in nowise interested in it. We make no ruling upon that point.

Nor is anything herein said to be construed as determining the right of the executor of the estate of said Mor-

rison, deceased, to the amount to be paid said executor, as against the rights and interests of other parties, if such other parties have intervening rights and interests superior to those of such executor, as herein determined.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*