## Hibernian Banking Association v. Charles E. Morrison, Executor.

1. GARNISHMENT—*General Rule as to Recovery.*—The general rule is that a judgment creditor as garnisher can not recover from a garnishee anything which the judgment debtor could not himself recover. A garnishee proceeding based upon a judgment is a separate suit in the name of the judgment debtor for the use of the judgment creditor. The fact that the suit is for the benefit of a usee does not enlarge or change the right of the nominal plaintiff as against the garnishee.

**Creditor's Bill.**—Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed April 4, 1900.

ENGLISH & HEFFERAN, SHOPE, MATHIS & BARRETT and F. S. HEBARD, attorneys for plaintiff in error.

JOHN C. SCOVEL and WM. J. AMMEN, attorneys for defendant in error.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

The testator of defendant in error leased certain premises in Chicago to A. H. Blackall & Son, who sub-let said premises to the Economical Drug Co. Afterward said drug company became insolvent and James W. Nye was, by the Superior Court of Cook County, appointed receiver. Said Blackalls afterward became insolvent and made a voluntary assignment for the benefit of creditors. The Superior Court directed said receiver to pay rent for said premises until the further order of court at the rate fixed by the lease to said drug company. By petitions filed in said court said defendant in error, one John D. Ware, a judgment creditor of said drug company and the assignee of said Blackall & Son, and said Blackall & Son in their own right, respectively claimed the rent to be paid by said receiver. By its decree, entered April 28, 1896, said Superior Court determined the question as to the rights and claims of all of said parties to the rent paid and to be paid by said receiver for said premises. From said decree an appeal was prosecuted to the Appellate Court of this district by which court said decree was affirmed in part and reversed in part with directions. (68 Ill. App. 504.) An appeal was prosecuted from the Appellate Court to the Supreme Court where the judgment of the Appellate Court was affirmed. (170 Ill. 152.) For a more elaborate statement of the complicated facts in this case we refer to said reports.

June 8, 1896, somewhat more than a month after said

decree was entered, plaintiff in error herein recovered a judgment against said Blackall & Son. December 23, 1896, plaintiff in error, by leave of said Superior Court, instituted garnishee proceedings against said receiver, who was served with process and filed his answer as garnishee. The remanding order of said Appellate Court was filed in said Superior Court and said cause there redocketed January 31, 1898. Thereupon plaintiff in error presented to the court, and moved for leave to file, its intervening petition, claiming, as a judgment creditor of said Blackall & Son, and by reason of said garnishment, right to receive the money directed by the judgment and order of the Appellate Court to be paid to defendant in error. The Superior Court found that plaintiff in error had no right to so intervene as against defendant in error, or as against the money ordered by the mandate of the Appellate Court to be paid to defendant in error, and denied said motion of plaintiff in error for leave to file its said intervening petition. It is from that order denying said motion of plaintiff in error that this appeal is prosecuted.

The errors assigned are summarized by counsel for plaintiff in error as follows:

"The gist of the errors assigned is that the Superior Court should have granted leave to the Hibernian Banking Association, plaintiff in error, to file its intervening petition; should have entertained such petition and awarded the money to plaintiff in error, and that it erred in directing the receiver to pay such money to Chas. E. Morrison as executor."

As to the alleged errors assigned, counsel for defendant in error say *res judicata*. This is based upon the adjudications by the Supreme Court and the Appellate Court above mentioned and referred to. Counsel for plaintiff in error contend that the position for counsel for defendant in error is not to be sustained because of the reservation made by the Supreme Court in the last sentence of its opinion (170 Ill. 162), which is as follows:

"Nor is anything herein said to be construed as determining the right of the executor of the estate of said Mor-

rison, deceased, to the amount to be paid said executor as against the rights and interests of other parties, if such other parties have intervening rights and interests superior to those of such executor as herein determined."

The claim of plaintiff in error to the fund in question rests entirely upon its rights as a judgment creditor of said Blackall & Son, and its garnishment of said receiver based upon said judgment. It can not reach such fund otherwise than through said Blackalls. As before stated, the judgment of plaintiff in error was not recovered until after the decree had been entered by the Superior Court which was reversed by the Appellate and Supreme Courts.

The general rule is that a judgment creditor garnisher can not recover from a garnishee anything which the judgment debtor could not himself recover. Indeed, a garnishee proceeding based upon a judgment is a separate suit in the name of the judgment debtor for the use of the judgment creditor. The fact that the suit is for the benefit of a usee does not enlarge or change the right of the nominal plaintiff as against the garnishee.

Applying this legal rule to the facts and the parties in the case at bar, it follows that plaintiff in error can not recover as against defendant in error by reason of its garnishment proceeding if said Blackalls could have no right of recovery against defendant in error.

Said Blackalls and the defendant in error were parties, with others, in the proceedings in the Superior Court. Their relative and respective rights were therein presented for adjudication by petitions and pleadings. That court had jurisdiction of the parties and of the subject-matter prior to the time plaintiff in error obtained its said judgment against said Blackalls. The rights and lien of plaintiff in error, if any it ever had or acquired, by reason of its said judgment or garnishment proceedings were obtained *lis pendens.* Nothing is reserved to said Blackalls by the Supreme Court in the sentence relied upon by counsel for plaintiff in error and above quoted. The claim of said Blackalls as against defendant in error were fully and finally determined by the Supreme Court. They could not

234    APPELLATE COURTS OF ILLINOIS.

proceed further against defendant in error. The plaintiff in error stepped into their shoes, and is estopped by the final determination in said case the same as said Blackalls are.

Counsel for plaintiff in error say:

" The garnishment statute provided a remedy for the bank to reach all the legal rights and assets of the Black-alls. And that is just what the bank is trying to reach."

It may be added that that is all they can reach. But as it has been finally adjudicated that the Blackalls have no such rights and assets as against defendant in error, and as plaintiff in error is bound by such adjudication, it must fail in this proceeding.

The question is not now before this court as to any claim by plaintiff in error to any money ordered to be paid by said receiver to said Blackalls. The only question now before this court is as to the claim of plaintiff in error to the money ordered to be paid by said receiver to defendant in error.

It should perhaps be observed that the assignee of said Blackalls was also before the court when this case was considered by the Superior Court and reviewed by the Appellate and Supreme Courts, and the rights and interests of the creditors as represented by said assignee were then determined.

Perceiving no error which would justify a reversal of the order of the Superior Court here involved, it is affirmed.