THE HIBERNIAN BANKING ASSOCIATION

*v.*

CHARLES E. MORRISON, EXR.

*Opinion filed December 20, 1900.*

1. GARNISHMENT—*garnisher cannot recover what his debtor cannot.*
A judgment creditor cannot recover from a garnishee anything
which the judgment debtor could not himself recover, since the
fact that the suit is for the benefit of an usee does not enlarge the
rights of the nominal plaintiff as against the garnishee.

2. SAME—*when a judgment creditor cannot reach rents as garnisher.*
A determination by the Supreme Court that rent should be paid
to the original lessor as against his insolvent tenant who had sub-
let the premises, in a proceeding to which the insolvent's assignee
was a party and in which the rights of creditors represented by
him were determined, precludes a judgment creditor of the insol-
vent, whose judgment was obtained *pendente lite*, from reaching such
rent as garnisher.

*Hibernian Banking Ass. v. Morrison,* 88 Ill. App. 230, affirmed.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on writ of error to the Su-
perior Court of Cook county; the Hon. THEODORE BREN-
TANO, Judge, presiding.

SHOPE, MATHIS & BARRETT, and F. S. HEBARD, for
appellant.

JOHN C. SCOVEL, and WILLIAM J. AMMEN, for appellee.

Per CURIAM:   In deciding this case the Branch Appel-
late Court delivered the following opinion:

"The testator of defendant in error leased certain
premises in Chicago to A. H. Blackall & Son, who sub-let
said premises to the Economical Drug Company.   After-
ward said drug company became insolvent, and James W.
Nye was, by the superior court of Cook county, appointed
receiver.   Said Blackalls afterward became insolvent and
made a voluntary assignment for the benefit of creditors.
The superior court directed said receiver to pay rent for

said premises until the further order of court, at the rate fixed by the lease to said drug company. By petitions filed in said court said defendant in error, one John D. Ware, a judgment creditor of said drug company and the assignee of said Blackall & Son, and said Blackall & Son in their own right, respectively claimed the rent to be paid by said receiver. By its decree, entered April 28, 1896, said superior court determined the question as to the rights and claims of all of said parties to the rent paid and to be paid by said receiver for said premises. From said decree an appeal was prosecuted to the Appellate Court of this district, by which court said decree was affirmed in part and reversed in part, with directions. (68 Ill. App. 504.) An appeal was prosecuted from the Appellate Court to the Supreme Court, where the judgment of the Appellate Court was affirmed. (170 Ill. 152.) For a more elaborate statement of the complicated facts in this case we refer to said reports.

"June 8, 1896, somewhat more than a month after said decree was entered, plaintiff in error herein recovered a judgment against said Blackall & Son. December 23, 1896, plaintiff in error, by leave of said superior court, instituted garnishee proceedings against said receiver, who was served with process and filed his answer as garnishee. The remanding order of said Appellate Court was filed in said superior court and said cause there re-docketed January 31, 1898. Thereupon plaintiff in error presented to the court, and moved for leave to file, its intervening petition, claiming, as a judgment creditor of said Blackall & Son and by reason of said garnishment, right to receive the money directed by the judgment and order of the Appellate Court to be paid to defendant in error. The superior court found that plaintiff in error had no right to so intervene as against defendant in error or as against the money ordered by the mandate of the Appellate Court to be paid to defendant in error, and denied said motion of plaintiff in error for leave to file

its said intervening petition. It is from that order deny-ing said motion of plaintiff in error that this appeal is prosecuted.

"The errors assigned are summarized by counsel for plaintiff in error as follows:   'The gist of the errors as-signed is, that the superior court should have granted leave to the Hibernian Banking Association, plaintiff in error, to file its intervening petition; should have enter-tained such petition and awarded the money to plaintiff in error, and that it erred in directing the receiver to pay such money to Charles E. Morrison, as executor.'

"As to the alleged errors assigned, counsel for defend-ant in error say *res judicata.*   This is based upon the adju-dications by the Supreme Court and the Appellate Court above mentioned and referred to.   Counsel for plaintiff in error contend that the position for counsel for defend-ant in error is not to be sustained because of the reser-vation made by the Supreme Court in the last sentence of its opinion, (170 Ill. 162,) which is as follows:   'Nor is anything herein said to be construed as determining the right of the executor of the estate of said Morrison, de-ceased, to the amount to be paid said executor as against the rights and interests of other parties, if such other parties have intervening rights and interests superior to those of such executor as herein determined.'

"The claim of plaintiff in error to the fund in question rests entirely upon its rights as a judgment creditor of said Blackall & Son, and its garnishment of said receiver based upon said judgment.   It cannot reach such fund otherwise than through said Blackalls.   As before stated, the judgment of plaintiff in error was not recovered until after the decree had been entered by the superior court, which was reversed by the Appellate and Supreme Courts. The general rule is, that a judgment creditor garnisher cannot recover from a garnishee anything which the judg-ment debtor could not himself recover.   Indeed, a gar-nishee proceeding based upon a judgment is a separate

suit in the name of the judgment debtor for the use of the judgment creditor.    The fact that the suit is for the benefit of a usee does not enlarge or change the right of the nominal plaintiff, as against the garnishee.    Applying this legal rule to the facts and the parties in the case at bar, it follows that plaintiff in error cannot recover, as against defendant in error, by reason of its garnishment proceeding, if said Blackalls could have no right of recovery against defendant in error.    Said Blackalls and the defendant in error were parties, with others, in the proceedings in the superior court.    Their relative and respective rights were therein presented for adjudication by petitions and pleadings.    That court had jurisdiction of the parties and of the subject matter prior to the time plaintiff in error obtained its said judgment against said Blackalls.    The rights and lien of plaintiff in error, if any it ever had or acquired by reason of its said judgment or garnishment proceedings, were obtained *lis pendens.* Nothing is reserved to said Blackalls by the Supreme Court in the sentence relied upon by counsel for plaintiff in error and above quoted.    The claim of said Blackalls, as against defendant in error, was fully and finally determined by the Supreme Court.    They could not proceed further against defendant in error.    The plaintiff in error stepped into their shoes and is estopped by the final determination in said case, the same as said Blackalls are.

"Counsel for plaintiff in error say: 'The garnishment statute provided a remedy for the bank to reach all the legal rights and assets of the Blackalls, and that is just what the bank is trying to reach.'    It may be added that that is all they can reach.    But as it has been finally adjudicated that the Blackalls have no such rights and assets as against defendant in error, and as plaintiff in error is bound by such adjudication, it must fail in this proceeding.    The question is not now before this court as to any claim by plaintiff in error to any money ordered to be paid by said receiver to said Blackalls.    The only

question now before this court is as to the claim of plaintiff in error to the money ordered to be paid by said receiver to defendant in error.

"It should, perhaps, be observed that the assignee of said Blackalls was also before the court when this case was considered by the superior court and reviewed by the Appellate and Supreme Courts, and the rights and interests of the creditors as represented by said assignee were then determined.

"Perceiving no error which would justify a reversal of the order of the superior court here involved, it is affirmed."

We concur in the foregoing views and in the conclusions above announced. Accordingly the judgment of the Appellate Court is affirmed.    *Judgment affirmed.*