## Rella M. England, Appellee, v. Albert C. England, Defendant. Charles E. England and William H. England, Trustees, Appellants.

1. DIVORCE—*when trustees for defendant are proper parties to suit.* The trustees of lands, the income from which belonged to the defendant in a suit for divorce and alimony, *held* to have been proper parties to such suit, where the complainant sought to have the sums awarded as alimony made a lien on such income.

2. WILLS—*right to dispose of property by will in any manner desired.* In this State, a testator may dispose of his property by will in such manner as he may see fit, provided that in so doing he contravenes no rule of law.

3. WILLS—*when intention of testator in creating trust will be carried out.* A testator may create a trust whereby the income from property may be required to be paid to a beneficiary while such property is beyond the control of the beneficiary and the property and income are beyond the reach of creditors and, when the language of the will shows that it clearly was the intention of the testator to create such a trust, his intention will be carried out by the courts.

4. WILLS—*scheme and purpose of testator in creating trust.* Trusts in property whereby the property is put beyond the control of the beneficiary and both property and income beyond the reach of creditors are sometimes complete spendthrift trusts and sometimes have some of the characteristics of but lack some of the qualities of spendthrift trusts, so that in each case, in passing upon the legal effect of a trust of such character, it is necessary to take into consideration the situation of the parties, to ascertain from the complete will the scheme and purpose of the testator, and, if possible, carry out such scheme and purpose by giving effect to all the provisions of the will.

5. HUSBAND AND WIFE—*what is primary fund for support of wife.* A man's income is the primary fund to which to look for the support of his wife.

6. TRUSTS—*interest in trust fund of wife of beneficiary.* Where a testator who provided for a stated income to his beneficiary, a boy about 16 years of age, indicated that he expected such beneficiary would marry by providing for the issue of such marriage, it is inconceivable that he should expect that the beneficiary would enjoy the income alone and that the wife should be supported from some other fund, or not at all, and, in such case, the wife, upon the marriage of such beneficiary, acquired an equitable interest

in the trust fund to the extent of a right of support and mainte-
nance together with her husband.

7. DIVORCE—*when court can decree that income from trust fund
be used for payment of alimony.* Where a testator provided that his
beneficiary should not have power to create a lien upon, sell or
transfer the income from a trust fund and also that such fund
should not be subject to execution, attachment or garnishment but
did not provide that such income could not be used in accordance
with a decree of court in order to keep the beneficiary out of jail
for failure to pay alimony, the court could decree that a portion of
such income be used for the payment of such alimony.

8. DIVORCE—*what is nature of alimony.* In this State, alimony
is not a debt but a social obligation as well as a pecuniary liability,
founded upon public policy for the good of society.

9. DIVORCE—*when decree ordering use of income from trust fund
to pay alimony is not error.* Where a decree for alimony created
no lien upon a trust fund accruing to defendant but only provided
that in case he failed to comply with the decree the trustees should
pay a portion of the income to complainant at such time as he
would otherwise be liable to be sent to jail, the provision was
clearly for the use of the beneficiary, and the court did not err
in so decreeing.

Appeal from the Circuit Court of Piatt county; the Hon. GEORGE
A. SENTEL, Judge, presiding. Heard in this court at the October
term, 1921. Affirmed. Opinion filed January 4, 1922.

EDIE & EDIE and CARL S. REED, for appellants.

HERRICK & HERRICK, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.
Appellee brought suit for divorce against her hus-
band, Albert C. England, on the ground of cruelty.
The bill alleged, after setting forth the acts of cruelty
relied upon, among other things that her husband was
entitled to an income from certain lands devised by
Albert T. England, deceased, in and by his last will
and testament, to Charles E. England and William H.
England as trustees; asked that they, as such trus-
tees, be made parties defendant with Albert C. Eng-
land and prayed that such sums as may be awarded by

way of alimony may be made a lien upon the funds that may become due and payable to said Albert C. England from said trustees under said will.

Upon final hearing of the cause a decree for divorce was entered by which decree Albert C. England was ordered to pay appellee $50 per month alimony commencing August 21, 1921. The decree provided that the trustees out of the income from the trust property make certain payments which were provided for by the will; that they set aside of the remainder of the income an allowance of $75 per month to be paid to Albert C. England for his support and maintenance; that in the event Albert C. England fails to make the payments of alimony as by the decree directed, that then the trustees out of the residue of funds coming into their hands as trustees shall pay to the clerk of the court the instalment of alimony in arrears; directed the trustees to pay the residue of the income, if any, to Albert C. England and directed that the trustees have credit in their accounts for all payments made pursuant to the decree. The decree further provided that if Albert C. England, personally, paid the alimony at the stated time, that then the trustees should not be obligated in any way to pay said alimony. From this decree appellants, as trustees, have appealed to this court. Albert C. England did not appeal.

It is contended by appellants that they were not proper parties to the suit. Appellants claim an interest in the trust fund which appellee sought to have subjected to a lien for her alimony and they were therefore proper parties. 19 Corpus Juris, p. 99, sec. 235.

It is contended by appellants that the income in question is derived from a spendthrift trust created by the last will and testament of Albert T. England, deceased, and that therefore such income cannot be subjected to the lien for alimony.

Albert T. England, grandfather of Albert C. England, died testate April 25, 1917. By his will he devised to his sons, appellants, certain real estate to have and to hold in trust for the use and benefit of his grandson, Albert C. England. It provided that said trustees have full and complete charge and control of said lands, and after using a portion of the income therefrom for certain specified purposes that they pay all necessary expenses of the proper support, maintenance and education of Albert C. England during his minority and invest the surplus and to pay over to Albert C. upon his obtaining his majority any accumulated income.

It is also provided by the will that in case Albert C. England dies leaving heirs of his body, that the trust shall continue for 21 years for the benefit of such heirs, and at the expiration of 21 years from the death of Albert C. England, the trustees are directed to convey the trust estate to such heirs.

By the will testator created a like trust for his granddaughter, Bina F. England. Among the provisions of the will is the following:

"Clause Fifteen (15). It is further my will that said Trustees of the estate and property of my said grandchildren Bina F. England and Albert C. England, shall also be the guardians of the persons of my said grandchildren and shall have the exclusive control and management of the custody, support, maintenance and education of said grandchildren during their minority; and shall use such portions of the income from the respective trust estates in this my will created for their benefit for said purposes and for the general use and benefit of my said grandchildren as said Trustees may, in their discretion, consider proper and wise. And it is my will that the payments to be made by said trustees to the said Albert C. England and Bina F. England under the provisions of this my will shall be made to them personally, and the respective interests of said Albert C. England and Bina F.

England as provided herein including the accumulations, income and money that they may be entitled to under the provisions of this my will, shall not be in any manner negotiable or transferable, nor subject to execution, attachment or garnishment, and neither the said Albert C. England nor the said Bina F. England shall have any power or authority to create any lien upon, nor to sell, assign or transfer their respective interests or the income, accumulations or money to which they or either of them may be entitled or any part of the same.''

It is undoubtedly true in this State that a testator may dispose of his property by will in such manner as he may see fit, provided that in so doing he contravenes no rule of law. In so doing he can create a trust whereby the income from property may be required to be paid to a beneficiary while such trust property is beyond the control of the beneficiary and the property and the income therefrom are beyond the reach of creditors. While such trusts are looked upon with distrust and cannot be created in many States, in this State, when the language of the will shows that it was clearly the intention of the testator to create such trust, the intention of the testator will be carried out by the courts. *Bennett v. Bennett,* 217 Ill. 434; *Hopkinson v. Swaim,* 284 Ill. 11.

Trusts of this kind are sometimes complete spendthrift trusts and sometimes they are trusts having some of the characteristics of spendthrift trusts but lacking some of the qualities, so that in each case, in passing upon the legal effect of a trust of this character, it is necessary to take into consideration the situation of the parties, to ascertain from the complete will the scheme and purpose which the testator had in mind and, if possible, carry out such scheme and purpose by giving effect to all the various provisions of the will so far as the same is possible.

The trust created by the will of Albert T. England was stated to be for the use and benefit of Albert C.

England. But it was not created for his benefit alone. At the time the will was made Albert C. was a boy about 15 or 16 years of age. In the natural order of things, if he lived to maturity, he would probably marry. Testator recognized this fact and provided in his will for the issue of such marriage. By the laws of the State of Illinois when the will was made, every husband was liable for the support and maintenance of his wife and family out of his income. Every man is presumed to know the law, and testator evidently did know this, as while he made provision for the support and maintenance of children of Albert C. for a period of 21 years after the death of Albert C., he made no provision for such support during his lifetime. A man's income has long been held to be the primary fund to which to look for the support of his wife.

In volume II, Bishop on Marriage and Divorce, paragraph 447, it is said: "What families ordinarily and properly subsist on is the income of the husband." In *Wetmore v. Wetmore,* 149 N. Y. 520, 44 N. E. 169, it is said: "Equity will not feed the husband and starve the wife." Recognizing the Biblical doctrine that husband and wife are one, it is inconceivable that a testator who expects his beneficiary, to whom he gives a stated income for his support and maintenance, to marry, should expect such beneficiary to enjoy the income alone and that the wife should be supported from some other fund, or not at all. When all the provisions of this will are taken into consideration, it is evident that such was not the intention of the testator, but that appellee, when she married Albert C., acquired an equitable interest in the trust fund to the extent of a right of support and maintenance together with her husband.

"The expression of one thing is the exclusion of another" and "The express mention of one thing, person or place implies the exclusion of another" are familiar

rules of construction. Co. Lit. 310a; Black's Law Dict. 468; *Finley v. Steele,* 23 Ill. 56; *Rubens v. Hill,* 213 Ill. 523; *Clark & Co. v. Fidelity & Casualty Co. of New York,* 220 Ill. App. 576. While in the will the testator provided that Albert C. should not have power to create a lien upon, sell or transfer the income from the trust fund, and also provided that such fund should not be subject to execution, attachment or garnishment, it did not provide that such income could not be used in accordance with a decree of a court of equity to keep Albert C. out of jail for contempt of court for a failure to comply with the court's decree to pay alimony for the support of his wife.

In this State alimony is not a debt. It is a social obligation as well as a pecuniary liability; it is founded on public policy and is for the good of society. *Deen v. Bloomer,* 191 Ill. 416.

In *Barclay v. Barclay,* 187 Ill. 375, it was said: "The liability to pay alimony is not founded upon a contract, but is a penalty imposed for a failure to perform a duty. It is not to be enforced by an action at law in the State where the decree is entered, but is to be enforced by such proceedings as the chancellor may determine and adopt for its enforcement."

In *Welty v. Welty,* 195 Ill. 335, the Supreme Court quoted with approval the following language from *Audubon v. Shufeldt,* 181 U. S. 575: "Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction."

By the decree in this case no lien is created upon the trust fund. It only provides that in case Albert C. fails to comply with the decree, the trustees shall pay a portion of the income to appellee at such time as he would otherwise be liable to be sent to jail. Such a

provision is clearly for the use of the beneficiary, and we are of the opinion that the court did not err in so decreeing.

The decree is affirmed.

*Affirmed.*