(No. 15887.—Judgment affirmed.)

The Congress Hotel Company, Appellant, *vs.* Laura Martin.—(The First Trust and Savings Bank, Trustee, Appellee.)

*Opinion filed April 14, 1924—Rehearing denied June 6, 1924.*

1. Trusts—*creator of a trust may secure it from creditors of beneficiary.* The creator of a trust may secure the enjoyment of it to the objects of his bounty by providing it shall not be alienated by them or become subject to be taken by creditors, and such intention, when expressed in a will, will be carried out.

2. Garnishment—*when creditors cannot garnishee trust fund created by will.* Where a testator, after placing his estate in trust, directs that certain annuities shall be given and payments made to his daughters "to provide for the comfortable support and maintenance" of the daughters and their issue, and that such funds shall be paid "into the hands of said beneficiaries, respectively, in person, and not upon any written or verbal order, nor upon any assignment or transfer thereof by said beneficiaries, or by operation of law," a creditor of a non-resident beneficiary cannot garnishee the fund in the hands of the trustee for obligations incurred by the beneficiary. (*Steib* v. *Whitehead,* 111 Ill. 247, followed.)

3. Wills—*testator may impose any limitation not contrary to law.* An owner of property having the necessary qualifications has a right to dispose of his property by will as he may see fit, with such limitations and conditions as he may choose to impose, not contrary to law.

4. Equity—*when equity cannot direct payment to creditors of beneficiary of a spendthrift trust.* The fact that the payments to

the beneficiary under a spendthrift trust created by will are very large does not authorize a court of equity, in the absence of statutory authority, to direct payment of claims of creditors of such beneficiary out of any excess which may appear to be not needed for the declared purpose of the trust.

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. GEORGE B. HOLMES, Judge, presiding.

SIMEON STRAUS & IRA E. STRAUS, for appellant.

WILSON, MCILVAINE, HALE & TEMPLETON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, the Congress Hotel Company, sued out of the municipal court of Chicago a writ of attachment against Laura Martin, a resident of the city of New York, and the First Trust and Savings Bank of Chicago, as trustee under the last will and testament of Otto Young, deceased, was summoned as garnishee. Service was had on Laura Martin by publication, and upon her default, judgment *in rem* was entered against her on March 14, 1922, for $6724.16. The garnishee answered interrogatories propounded to it, and the question of the liability of the garnishee was submitted to the court on the answers. The court being of the opinion that the fund in the hands of the First Trust and Savings Bank as trustee was not subject to garnishment, discharged the garnishee. The Congress Hotel Company prosecuted an appeal to the Appellate Court for the First District, and that court affirmed the judgment and allowed a certificate of importance and an appeal to this court.

There is no controverted question of fact. On May 7, 1921, Laura Martin came to the hotel of appellant, in Chi-

cago, and was assigned to a suite of rooms, which she oc-
cupied from that day until June 11, 1921, when she left the
hotel. The charge for the suite of rooms occupied and ho-
tel accommodations for that period amounted to $3747.16.
The appellant also advanced to her $2977 to make purchases
of clothes, and her entire indebtedness was $6724.16, for
which the judgment was rendered. She was a daughter of
Otto Young, who died in 1906, leaving a last will and tes-
tament dated December 5, 1905, which was admitted to
probate in the probate court of Cook county. By the will,
after devising certain real estate specifically to his wife, the
will contained the following provisions:

"I direct my said trustee to pay an annuity of thirty-
six thousand dollars ($36,000) per annum to my daughter
Laura Elizabeth Martin until the first day of January, 1910,
and thereafter until the death of my wife, in case she shall
be living on January 1, 1910."

"From and after the death of my wife, but not before
January 1, 1910, the annuities of $36,000 given to each of
my daughters shall cease, and thereafter the following dis-
position of the net income of my estate shall be made."

"Eighty-eight per cent (88%) of the remainder of
said net income shall be paid over and divided between my
daughters in equal shares."

"The annuities given and the payments directed to be
made by this will to my daughters and their issue are in-
tended to provide for the comfortable support and mainte-
nance of my daughters and their issue, and shall be paid
over into the hands of said beneficiaries, respectively, in
person, and not upon any written or verbal order, nor upon
any assignment or transfer thereof by said beneficiaries, or
by operation of law."

The widow died prior to 1920. The answers of the
garnishee to interrogatories, stated in substance the follow-
ing facts: On December 30, 1921, there was accrued to
Laura Martin and due and owing to her on January 1, 1922,

under the will, $39,297.41. The trustee had in its possession, charge and custody on the date of service of the writ, lands, tenements, goods and chattels, as trustee of the estate of Otto Young. Laura Martin was not entitled to any of said assets except the above mentioned accrued income. The trustee had nothing in its possession except as above stated. Appellee claimed that the income from said trust was not assignable or payable to creditors of Laura Martin nor to be reached by garnishment proceedings, but under the terms of the will must be paid over into the hands of Laura Martin in person and not on any written or verbal order, nor upon any assignment or transfer thereof made by her, or by operation of law.

In the case of *Steib* v. *Whitehead*, 111 Ill. 247, Asahel Gridley by his last will and testament had devised to a trustee real estate, with direction to pay the net rents and income into the hands of his daughter Juliet in person, and not upon any written or verbal order nor upon any assignment or transfer by her. The funds in the hands of the trustee payable to Juliet were attached by one of her creditors, and the trustee filed an answer as garnishee, setting up the trust and the special provisions of the will, and the court decided that the fund was not subject to garnishment. In that case the court adopted the doctrine declared by the Supreme Court of the United States in *Nichols* v. *Eaton*, 91 U. S. 716, and by most of the courts of the States, that the creator of a trust may secure the enjoyment of it to the objects of his bounty by providing it shall not be alienable by them or become subject to be taken by the creditors, and that such intention expressed in his will will be carried out. (25 R. C. L. 352.) The same doctrine has been adhered to in numerous cases since that time. (*King* v. *King*, 168 Ill. 273; *Bennett* v. *Bennett*, 217 id. 434; *Wagner* v. *Wagner*, 244 id. 101; *Wallace* v. *Foxwell*, 250 id. 616; *O'Hare* v. *Johnston*, 273 id. 458.) The will of Otto Young followed the language of the will of Asahel Gridley, and

312—21

the fund in the hands of the First Trust and Savings Bank, as trustee, payable to Laura Martin, is not subject to garnishment.

It is conceded by counsel for appellant that the will of Otto Young created a spendthrift trust for the comfortable support and maintenance of Laura Martin, but it is argued that garnishment being an equitable proceeding, the excess above the amount necessary for her reasonable support and maintenance should be collectible in equity by creditors. The amount in the hands of the garnishee payable to Laura Martin was very large, and counsel say that it was admitted on the part of the garnishee at the hearing, through its counsel, that her income for the year 1921 was $171,737.36, which was payable to her quarterly. Counsel refer to the statutes of some other States which provide that if there is a surplus of income not required for the support of the beneficiary or his family, a court of equity having jurisdiction may dispose of such surplus as justice and equity may require. There is no similar statute in this State, and the court has not been given any authority to supervise or determine the amount which would be sufficient for the declared purpose. An owner of property having the necessary qualifications has a right to dispose of his property by will as he may see fit, with such limitations and conditions as he may choose to impose, not contrary to law. If a testator creates a spendthrift trust and the payments exceed the amount which the beneficiary expends, there will be some form or place where it can be reached by creditors through a court of equity, but the courts of this State have not been given any authority to appropriate to creditors what might appear to be more than necessary for the declared purpose of the trust.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*