Jules W. Jouvenat for use of Strath-Haven Inn Co., Appellant, v. Continental National Bank & Trust Company of Chicago (Garnishee), Appellee.

Gen. No. 33,307.

Opinion filed May 31, 1929.

TOWNLEY, WILD, CAMPBELL & CLARK, for appellant; CHARLES V. CLARK and FREDERICK D. CARROLL, of counsel.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

Appellee herein was garnisheed upon a judgment for $1,218.77 against Jules Jouvenat (called defendant herein) in favor of Strath-Haven Inn Co., a corporation (called plaintiff herein). Answering the interrogatories filed, appellee (into which the Trust Company named in the will has since merged) stated that it was not indebted to defendant and had no possession, charge or control of any moneys, rights, credits or effects owned or due to defendant. It stated that it holds certain stocks, bonds and other securities and cash of $159.91 under the terms and provisions of the last will and testament of Charles Jouvenat, deceased, dated June 14, 1926, who departed this life July 14,

1926, and sets forth the will in full. The particular provision therein referred to reads as follows:

"Second: After the payment of such funeral expenses and debts, I give, devise and bequeath to my son, Jules W. Jouvenat, my diamond ring and silver tableware, and a fund of Eight Thousand Dollars ($8,000.00) to be deposited by my executor with the Continental and Commercial Trust Co. of Chicago, Illinois, in money and securities, to be kept by them invested and accumulate for three years after my death, then to be paid at the rate of Three Hundred Dollars ($300.00) quarterly, to the said Jules W. Jouvenat, or his legal heirs. Said fund shall not be assignable by said Jules W. Jouvenat, or his said heirs. . . ."

The court overruled plaintiff's motion for judgment against the garnishee on its answer and discharged the latter. Plaintiff appeals.

That such a provision creates a spendthrift trust is conceded. But it is contended that its terms are not such as put the trust property beyond the reach of creditors of the beneficiary; that the provision against assignment has reference to a voluntary transfer and not one by operation of law. We need discuss the point only with reference to whether said trust property can be reached under operation of the law of garnishment as it exists in this State.

One of the primary principles in this class of cases is to ascertain and carry out the intention of the testator. (*Steib v. Whitehead*, 111 Ill. 247; *Congress Hotel Co. v. Martin*, 312 Ill. 318.) Looking then to the provision in question it is manifest that the testator intended that a fund of $8,000 should be set aside and held in trust for investment and accumulation therefrom for three years after his death before the beneficiary should receive any payment or benefit therefrom, and that the person or persons to whom pay-

ments thereafter should be made would depend upon whether his son Jules would then be alive. It is apparent, therefore, that no legal claim to the fund or proceeds therefrom could be asserted by Jules prior to the lapse of said three years, which have not yet expired. The character of the fund, therefore, was not such as could be reached by garnishment. Not only was Jules Jouvenat's interest therein equitable in character and therefore not subject to garnishment (*May v. Baker*, 15 Ill. 89; *Webster v. Steele*, 75 Ill. 544), and not such an indebtedness as could have been recovered by the judgment debtor in his own right and for that reason not subject to garnishment (*Hibernian Banking Ass'n v. Morrison*, 188 Ill. 279), but to constitute an indebtedness or "legal debt due or to become due" that is subject to garnishment under our statute it must "be owing absolutely and subject to no contingency." (*Hanover Fire Ins. Co. v. Connor*, 20 Ill. App. 297; *Pressed Steel Equipment Co. v. Thornburgh Pressteel Co.*, 228 Ill. App. 1.) Because, therefore, there was no absolute indebtedness, due or to become due, and the "effects" are of an equitable character, the conclusion is irresistible from the authorities cited that the fund is not one such as can now be reached by garnishment. Whether it may be otherwise alienated is not before us for consideration, and that fact obviates the necessity of discussing or distinguishing the authorities cited.

*Affirmed.*

GRIDLEY, P. J., and SCANLAN, J., concur.