Paraskeitz Holowaty for use of Paul Cherka, Appellee, v. The Prudential Insurance Company of America, Appellant.

Gen. No. 38,328.

Opinion filed December 16, 1935.   Rehearing denied December 30, 1935.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellant; NATHANIEL RUBINKAM and WILLIAM S. ALLEN, of Chicago, of counsel.

JOHN J. ROONEY and WILLIAM H. KAILES, both of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In an action of garnishment brought by Paraskeitz Holowaty, judgment debtor, for the use of Paul Cherka, judgment creditor, against the Prudential Insurance Company of America, and upon trial by the court there was on February 19, 1935, a finding that the insurance company was indebted to Mrs. Holowaty in an amount in excess of the original judgment in favor of her creditor; that $100 of this indebtedness was due

and payable on December 9, 1934, and $100 on the 9th day of each month thereafter until the approximate sum of $5,400 should have been paid. Judgment was therefore entered against the insurance company for $4,405 with costs, and it was ordered that execution issue for the amount of $300 (being the sum then actually due from the insurance company) forthwith, and that execution issue for $100 on March 30, 1935, and for a like amount on the 30th day of each month thereafter until the judgment of Cherka should be paid in full.

The obligation of the insurance company to Mrs. Holowaty is based upon a policy issued by the company to Stefan Holowaty, her husband, on January 4, 1927, in which she was named as beneficiary. This policy became a claim upon the death of the insured November 9, 1934. By the terms of the policy the proceeds were payable to Mrs. Holowaty in 60 monthly instalments of $100 each, each instalment with interest amounting to $100.33; the first instalment became payable December 1, 1934, and the remaining instalments on the first day of each month thereafter. The policy provided that the company should not commute any of the instalments payable thereunder after the death of the insured without the previous written consent of the insured. The insured did not give this consent.

The garnishment summons was served November 13, 1934, and the garnishee insurance company filed an amended answer February 15, 1935. A copy of the policy stipulated to be correct is in evidence, and the parties also stipulated that the only question before this court is an interpretation of the provisions of the policy. By the terms of the policy the insured retained the right to change the beneficiary. Other material provisions were:

". . . Any instalment or instalments payable hereunder shall be unassignable after this Policy shall become a claim by death.

". . . . .

"The commuted value of the Monthly Instalments of Insurance payable hereunder is Fifty-five Hundred and Seventy Dollars ($5570). The commuted value of the Monthly Instalments of Accidental Death Benefit that may become payable, as provided, is equal to the commuted value stated above. If there be no Beneficiary, original or substituted, when the Policy becomes a claim by death, the Company will pay the commuted value of the instalments payable to the executors, administrators or assigns of the Insured, in one sum, in lieu of the instalments. If the Beneficiary, original or substituted, shall survive the Insured but die before receiving all the instalments payable under this Policy and if there be no contingent beneficiary at that time, the unpaid instalments will be commuted at the rate of three and one half per cent. per annum compound interest and paid in one sum to the executors or administrators of such Beneficiary."

The precise question for determination seems to be whether the obligation of an insurance company, such as exists under this policy, can be reached by the process of garnishment under the garnishment statute. Ill. State Bar Stats. 1935, ch. 62, secs. 1–29. Section 5 of that act provides in substance that it shall be the duty of every garnishee to answer with respect to "choses in action, credits and effects of such defendant, and the value thereof, . . . from him due and owing to the said defendant *at the time of the service of said writ,* or *at any time after,* or which shall or may *thereafter become due."* Section 7 provides that if the garnishor alleges that the garnishee has not truly discovered "choses in action" or "credits" from him due and owing to the defendant at the time of the

service of the writ, *or at any time after,* or which shall or *may thereafter become due,"* the court shall proceed to try the cause, etc.; section 13, that the garnishee shall be allowed to retain or deduct out of effects or credits in his hands all demands of which he could have availed himself if he had not been summoned as garnishee, *"whether the same are at the time due or not,"* and shall be liable only for the balance after all adjustments, not including unliquidated damages for wrongs and injuries, have been made; section 16, that the judgment against the garnishee shall acquit him from all demands by the defendant "for all goods, effects and credits paid, delivered or accounted for by the garnishee by force of such judgment"; section 19, that when a judgment is rendered against any garnishee and it shall appear that "the debt from him to the defendant *is not yet due,* execution shall not issue against him until twenty days after the same shall become due, unless the party asking the same, or his agent, shall make oath that he believes the debt will be lost unless execution issue forthwith."

Sections 24 and 25 give to the court equitable power to compel delivery of the property discovered and the sale thereof, including the power to attach and punish as for a contempt.

A consideration of the garnishment statute, as a whole, indicates that its purpose is to compel by suit at law a judgment debtor to assign to his judgment creditor such of his property as is not exempt from execution to the extent provided by the statute, and only to that extent. It is in essence an action at law in the name of the debtor for the use of the creditor. It does not reach merely equitable interests.

It is contended by the insurance company that upon the death of the insured the company became the trustee of a spendthrift trust in favor of the beneficiary, the proceeds of which could not be reached by

garnishee process. The judgment creditor contends that no such trust was created, because the insurance policy, so construed, would amount to a testamentary disposition of the insured's property, which would be invalid for nonconformity with the statute of wills. He says that in order to establish a valid trust the grantor must divest himself of any control of the subject matter and cites *Oswald v. Caldwell*, 225 Ill. 224, where our Supreme Court, considering the question of whether a deed to certain land, together with writings concerning the same, constituted a trust, held that the same was testamentary in its nature and therefore void. He says the policy cannot be construed as creating a trust, because the insured retained control over it until his death; that he retained the right to change the beneficiary in the policy and the right to assign the policy; that he could defeat the purpose of the policy by refusing to pay any premiums and could borrow money on the policy without the consent of the beneficiary.

The Supreme Court has held directly contrary to these contentions in *Gurnett v. Mutual Life Ins. Co.*, 356 Ill. 612, where as against a creditor it was held that a trustee named by the insured was entitled thereto, although the insured retained the right to change the beneficiary, reserved the power to revoke the entire trust and also retained the power to defeat the trust by pledging the policy for an indebtedness by assignment thereof. The Supreme Court of Connecticut, in a well considered case decided thereafter, reached the same conclusion. *Sigal v. Hartford Nat. Bank & Trust Co.*, 119 Conn. 570.

The creditor contends that it is essential to the creation of a spendthrift trust that the beneficiary shall be entitled only to the income derived therefrom and that it cannot exist when any part of the principal may be disposed of for the benefit of the beneficiary. There

are authorities which so hold (25 R. C. L. 356, sec. 7; 65 C. J. 233), but this is not the rule in Illinois (*Wagner v. Wagner*, 244 Ill. 101), and it is difficult upon principle to sustain this contention.

The creditor also urges the point that although the insurance contract provides that no assignment shall be made, this does not prevent an involuntary assignment, which he says is not prohibited by the insurance contract. He cites *In re Bush*, 126 Fed. 878, a case which involved the question of whether the trustee of a bankrupt took title to a lease held by the bankrupt, which was by its terms unassignable, except by the written consent of the lessor. That case involved a question arising under the bankruptcy statute and is not applicable where, as here, the statute to be construed is the Garnishment Act.

The creditor also contends that the quality of assignability is not the test of whether a debt or chose in action may be reached under the Illinois Garnishment Act. He argues that the power of garnishment is derived from the act itself and that since this limitation is not prescribed by any particular provision of the act, it should not be held to exist. We hold that in the absence of a specific provision in the act authorizing it, the process of garnishment is not applicable to claims which are not assignable. Indeed, the general rule seems to be that claims which are not assignable are not subject to garnishment. *St. Joseph Mfg. Co. v. Miller*, 69 Wis. 389. In *Crossman Co. v. Rauch*, 263 N. Y. 264, construing an insurance policy which contained provisions similar to those in this policy, it was held, reversing the Appellate Division in *Crossman Co. v. Rauch*, 238 App. Div. 299, that the proceeds were not subject to garnishment.

The creditor says that the decision of the New York court was based upon section 15 of the Personal Property Law of that State (Consol. Laws, N. Y., ch. 41)

which provided that such claims against insurance companies should not be liable to legal process except for necessaries. It is true that the New York court held that the provisions of the New York Personal Property Law were applicable but also held that the fund was not subject to garnishment process regardless of the statute. The court said:

". . . such payments are exempt for the further reason that the agreement expressly provides that 'the beneficiary cannot assign or commute the payments herein provided.' 'The payments herein provided' are the monthly payments sought to be reached under the execution. As they cannot be voluntarily assigned, they cannot be subject to levy by execution."

The Illinois courts have held likewise irrespective of any statute. The leading case is *Steib v. Whitehead,* 111 Ill. 247, where a will which provided that the trustee should pay over the remaining rents and income in cash to the daughter of the testator "and not upon any written or verbal order, nor upon any assignment or transfer" was held to make the fund not subject to garnishment process. To the same effect are *Congress Hotel Co. v. Martin,* 312 Ill. 318; *Wallace v. Foxwell,* 250 Ill. 616; *Jouvenat v. Continental Nat. Bank & Trust Co.,* 253 Ill. App. 400; *Von Kesler v. Scully,* 267 Ill. App. 495; *Hopkinson v. Swaim,* 284 Ill. 11.

In the *Jouvenat* case the testator made a bequest to his son of a fund of $8,000, which he directed should be kept by the executor invested and accumulating for three years after his death, then to be paid at the rate of $300 quarterly to Jules W. Jouvenat, or his legal heirs. The bequest provided: "Said fund shall not be assignable by said Jules W. Jouvenat or his said heirs." It was conceded that the clause created a spendthrift trust, but it was argued that the terms of the trust were not sufficient to put the trust property beyond the reach of creditors of the beneficiaries, upon

the theory that the provision against assignment referred to. a voluntary transfer and not to a transfer by operation of law. The opinion by Mr. Justice Barnes points out that the only question at issue was whether trust property could be reached under operation of the law of garnishment as it exists in this State. The court said:

"One of the primary principles in this class of cases is to ascertain and carry out the intention of the testator. (*Steib v. Whitehead*, 111 Ill. 247; *Congress Hotel Co. v. Martin*, 312 Ill. 318.) Looking then to the provision in question it is manifest that the testator intended that a fund of $8,000 should be set aside and held in trust for investment and accumulation therefrom for three years after his death before the beneficiary should receive any payment or benefit therefrom, and that the person or persons to whom payments thereafter should be made would depend upon whether his son Jules would then be alive. It is apparent, therefore, that no legal claim to the fund or proceeds therefrom could be asserted by Jules prior to the lapse of said three years, which have not yet expired. *The character of the fund, therefore, was not such as could be reached by garnishment. Not only was Jules Jouvenat's interest therein equitable in character and therefore not subject to garnishment* (*May v. Baker*, 15 Ill. 89; *Webster v. Steele*, 75 Ill. 544), *and not such an indebtedness as could have been recovered by the judgment debtor in his own right and for that reason not subject to garnishment* (*Hibernian Banking Ass'n v. Morrison*, 188 Ill. 279) but to constitute an indebtedness or 'legal debt due or to become due' that is subject to garnishment under our statute it must 'be owing absolutely and subject to no contingency.' (*Hanover Fire Ins. Co. v. Connor*, 20 Ill. App. 297; *Pressed Steel Equipment Co. v. Thornburgh Pressteel Co.*, 228 Ill. App. 1.)"

These cases, while in some respects distinguishable, are in principle, we think, controlling here, and therefore upon reason and authority we hold that the proceeds of the policy constituted a fund in the nature of a trust fund for the benefit of the judgment debtor, which is not subject to garnishment under the statutes of this State. This seems to have been the intention of the company and the insured.

For these reasons the judgment of the trial court is reversed.

*Reversed.*

McSURELY, P. J., and O'CONNOR, J., concur.