[Civ. No. 9321.   Third Dist.   Oct. 7, 1958.]

MARILYN H. HARDY, Plaintiff and Appellant, v. JOHN C. HARDY et al., Defendants and Appellants.

Tebbe & Correia and John G. Robertson for Plaintiff and Appellant.

Eugene D. Hardy, in pro. per., and George G. Tyler for Defendants and Appellants.

PEEK, Acting P. J.—Defendant husband, John C. Hardy, and his father, defendant Eugene D. Hardy, appeal from that portion of a decree of divorce imposing a lien upon an Illinois spendthrift trust to secure payment to plaintiff of certain sums as alimony, child support, court costs and attorney fees. By reason of his status as trustee, Eugene was made a party defendant by amendment to plaintiff's complaint. The plaintiff wife, Marilyn H. Hardy, cross-appeals from that portion of the judgment wherein the court held that the assignment by John to her of certain notes, and his interest in a lease of real property held in trust, were invalid.

The trust was established by the will of John's deceased

mother which named John as beneficiary, Eugene as trustee and certain others as contingent beneficiaries. The trust provides that the trustee shall pay to John such sums as are reasonably necessary for his care, support and maintenance, and if the income prove insufficient, the trustee may make such payments from the corpus of the trust. It further provides for periodic disbursements of the corpus to John upon the attainment of certain designated ages. It also contains the customary clauses relative to payment and transfer of money or property by the trustee only to a beneficiary in person and prohibits any assignment or transfer by a beneficiary of his interest in the trust.

None of the issues raised by the appeals of either of the parties concern the marital status as affected by the decree; nor is any question raised concerning the reasonableness of the award for support and maintenance, attorney fees and costs.

■ We are entirely in accord with defendants' first contention that a court of one state cannot directly affect title to land in another. ■ However it is equally true that a court having the parties before it can, in a proper case, through its coercive powers, compel them to act in relation to property not within the territorial jurisdiction of the court. (*Fall* v. *Eastin*, 215 U.S. 1 [30 S.Ct. 3, 54 L.Ed. 65, 23 L.R.A. N.S. 924]; *Taylor* v. *Taylor*, 192 Cal. 71 [218 P. 756, 51 A.L.R. 1074].) ■ In the present case the purported imposition of the lien can in no way be considered other than as an attempt by a court of this state to affect title to land in Illinois. It necessarily follows that the trial court herein acted in excess of its jurisdiction and that the order, at least to that extent, is of no force or effect. (*Rozan* v. *Rozan*, 49 Cal.2d 322 [317 P.2d 11].) And under the facts as shown by the record herein, the enunciated rule is equally applicable to the movables located in and held by the trust in Illinois. (1 Beale, Conflict of Laws, § 52.1, pp. 302-03; and § 99.1, p. 436.)

It is defendants' further contention that the court also acted in excess of its jurisdiction in ordering that attorney fees and costs charged to John be paid by Eugene as trustee out of income or if necessary the corpus of the trust. ■ Whether John's interest in the trust may be reached to pay the award of attorney fees is a matter governed by the law of Illinois, the situs of the trust (*Century Indemnity Co.* v. *Woodruff*, 119 F.Supp. 581, 586), and this is true whether

the corpus is of land or movables. (Rest., Conflict of Laws, §§ 243, 298.) In support of their contention that attorney fees may not be paid out of a spendthrift trust, defendants cite and rely exclusively upon *McKeown* v. *Pridmore*, 310 Ill. App. 634 [35 N.E.2d 376]. That case involved a contingent fee contract which the court held to be an assignment by the beneficiary and hence barred by the spendthrift provisions of the trust. The court did not say that any award of attorney fees and costs would be invalid, but to the contrary specifically held that in a proper case the court could award attorney fees and costs to be paid out of a spendthrift trust.

Neither can we agree with defendants' argument wherein they attempt to distinguish an award for attorney fees from an award for support. As noted in 16 California Jurisprudence 2d, Divorce and Separation, section 191, page 482, courts make no attempt to distinguish between alimony and attorney fees. While no case, either California or Illinois, has been brought to our attention, it would appear that *In re Stewart's Estate*, 334 Pa. 356 [5 A.2d 910], is directly in point. There, at page 915 [5 A.2d], it is stated:

"It is argued that Mrs. Stewart should not be permitted to recover the counsel fees allowed by the Florida Court in the divorce proceeding out of the income of the spendthrift trust. This contention is without merit. Under the circumstances, counsel fees are an essential part of the wife's maintenance and support. To deny her counsel fees would, in many cases, be to render her defenseless and prevent her from asserting her right to support."

The reasoning of the Pennsylvania court applies equally to the award of court costs as it does to the award of attorney fees.

Equally without merit is the further contention of defendants that the trial court had no power to order the sums so charged against John to be paid by Eugene as trustee. As noted in Griswold, Spendthrift Trusts, section 334, page 390, the effect of the Illinois cases (*Keller* v. *Keller*, 284 Ill.App. 198 [1 N.E.2d 773], and *England* v. *England*, 223 Ill.App. 549) is to make the wife and child beneficiaries of the trust estate with direct rights against the trustee.

Turning now to the appeal of Marilyn, it is her contention that certain notes, constituting a part of the res of the trust, were validly assigned to her by John, as was his interest in a lease of real property, also a part of the trust. This she says is true since the documents evidencing such

transactions had been distributed to John, and therefore he could validly assign the same. The trial court, however, found on substantial evidence there had been no delivery to him; that the property remained a part of the corpus of the trust, and therefore under the spendthrift provisions thereof, the purported assignment by John was void. These holdings of the trial court must be sustained. (*Congress Hotel Co.* v. *Martin*, 312 Ill. 318 [143 N.E. 838, 33 A.L.R. 562].)

It is further contended by Marilyn that even though the assignments were invalid, they were sufficient to transfer to her an equitable interest in the properties assigned; that the notes should not be allowed to be retained in Illinois; and that the trustee should be ordered to bring the same within the jurisdiction of this court. What may be the best solution of the domestic and financial problems of the parties is not for this court to determine, but rather is one essentially within the province of the trial court under the facts of the particular case.

That portion of the decree purporting to impress a lien on the property of the trust estate in Illinois to secure payment of the sums so awarded is reversed. In all other respects the judgment is affirmed. The parties shall bear their own costs.

Schottky, J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied November 6, 1958, and the petition of plaintiff and appellant for a hearing by the Supreme Court was denied December 3, 1958. Traynor, J., was of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.