[Civ. No. 9883.   Third Dist.   May 25, 1960.]

MARILYN HARDY, Respondent, v. JOHN C. HARDY et al., Appellants.

Eugene D. Hardy, in pro. per., for Appellants.

John G. Robertson and Tebbe & Correia for Respondent.

WARNE, J. pro tem.*—On February 8, 1957, the trial court entered a decree against defendants John C. Hardy, the beneficiary, and Eugene D. Hardy, as the trustee under the will of

*Assigned by Chairman of Judicial Council.

Mary C. Hardy, who died in 1952, leaving a testamentary spendthrift trust composed of movables and land in Illinois. The decree provided, among other things, that said trustee pay out of the income, or corpus, if necessary, of the trust, a certain specific sum as alimony to the plaintiff for the support of herself and the minor child of plaintiff and defendant John C. Hardy, and for counsel fees and costs which plaintiff incurred in the divorce proceedings.

An appeal from said decree, and an appeal from an order for counsel fees were taken by defendants. Except for those portions of the decree which purported to impose a lien on trust property located in Illinois, the decree and said order were affirmed by this court. (*Hardy* v. *Hardy*, 164 Cal.App.2d 77 [330 P.2d 278], and *Hardy* v. *Hardy*, 164 Cal.App.2d 82 [330 P.2d 281].)

On motion of the plaintiff said decree was modified by eliminating alimony payments from and after February 2, 1958 (plaintiff having remarried on said date), and fixing payments to be made to the plaintiff for the support of the minor child.

Nothing having been paid by either defendant on the decrees and/or orders made by the trial court, plaintiff sought further relief and as the result thereof the trial court made its "Orders to Insure Compliance with Decrees," which modified its decrees, in various ways not material here, and again ordered Eugene, as trustee, to pay the amount owed to Marilyn by John from the money on hand in the trust and in the event the trust did not have sufficient cash or means on hand for Eugene to pay said sums forthwith, he, Eugene, was ordered to execute and deliver to the Long Beach branch of the Security-First National Bank of Los Angeles, within 10 days of the service of a copy of the order, a written order on the Farmers and Mechanics Bank in Galesburg, Illinois, directing that bank to forward to said Los Angeles bank all movables, choses in action, leases, and in particular, seven promissory notes representing money due on the sale of a partnership interest owned by John's mother before her death. At the time of making of the above orders both defendants were residents of the State of California, and due service of a certified copy of said "Orders to Insure Compliance with Decrees" was made on both defendants in this state. Defendants have appealed from said orders and decree.

Appellants first contend that the orders appealed from are in excess of jurisdiction in that the courts of California are

without power or jurisdiction to administer or interfere with the administration of the Illinois testamentary trust.

Most of the arguments urged by appellants on this appeal were passed upon in the previous appeals, *supra*, and in particular *Hardy* v. *Hardy*, 164 Cal.App.2d 77 [330 P.2d 278]. While we held in that case that the trial court had no jurisdiction to impose a lien upon property in Illinois we also held that: ". . . [A] court having the parties before it can, in a proper case, through its coercive powers, compel them to act in relation to property not within the territorial jurisdiction of the court. (*Fall* v. *Easton*, 214 U.S. 1 [30 S.Ct. 3, 54 L.Ed. 65, 23 L.R.A. N.S. 924]; *Taylor* v. *Taylor*, 192 Cal. 71 [218 P. 756, 51 A.L.R. 1074].)'' As said in *Braman* v. *Braman*, 236 App. Div. 164 [258 N.Y.S. 181, 186], quoting Bogert on Trusts, page 472: "Equity acts in personam and, if it has jurisdiction of the person of the defendant, may order him to account for or dispose of the trust property as the principles of equity dictate, even though the trust property may be situate in a foreign jurisdiction." Such an order does not unduly interfere with the administration of the trust in Illinois. The California court by its order was simply insuring compliance with its decrees by orders in personam against the defendant trustee.

The defendants contend, however, that the trial court's decree will destroy the rights of certain contingent beneficiaries of the trust. The trust provides that the trustee shall pay to John such sums as are reasonably necessary for his care, support and maintenance, and if the income proves insufficient the trustee may make such payments from the corpus of the trust. It further provides for periodic disbursements of the corpus to John upon the attainment of certain designated ages. It also contains the customary clauses relative to payment and transfer of money or property by the trustee only to a beneficiary in person and prohibits any assignments or transfer by a beneficiary of his interest in the trust. In our former decision in this case at page 80 we said: "As noted in Griswold, Spendthrift Trusts, section 334, page 390, the effect of the Illinois cases (*Keller* v. *Keller*, 284 Ill. App. 198 [1 N.E.2d 773], and *England* v. *England*, 223 Ill. App. 549) is to make the wife and child beneficiaries of the trust estate with direct rights against the trustee." Therefore, the trustee may be compelled to invade the corpus of the trust under the Illinois law to support Marilyn and the minor child. Such an order does not violate the rights of any contingent beneficiary.

In any event the right of Marilyn and her child to share in the corpus of the trust was established on the prior appeal and is now res judicata.

Defendants also argue that it is inequitable to sequester all of the assets of this trust for Marilyn and the child of the parties, leaving nothing for John. This argument is without merit. In fact, the trial court did not award the entire corpus of the trust to Marilyn and John's child, but merely ordered the trustee to transfer the movable assets of the trust to this state in order that the court's award of alimony to Marilyn and support money for John's child could be enforced by appropriate orders.

The orders and decree appealed from are affirmed.

Van Dyke, P. J., and Peek, J., concurred.