PEOPLES FINANCE COMPANY, Plaintiff-Appellant, *v.* REBEL SAFFOLD *et al.*, Defendants.—(DEERE & COMPANY, Defendant-Appellee.)

Third District   No. 79-60

Opinion filed April 15, 1980.

James L. Tappa, of Spector, Tappa, Kopp & Nathan, of Rock Island, for appellant.

James D. Mowen, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Peoples Finance Corporation appeals from the order of the circuit court quashing its wage deduction summons served upon Deere & Company. Defendant and judgment debtor Rebel Saffold received a monthly pension of $624.94 from the Deere pension plan for hourly and incentive paid employees. The court, in dismissing the summons against the employer Deere & Company, concluded that the pension benefits were not subject to wage deduction proceedings in the hands of the company. The issue raised by Peoples Finance is whether the court erred, as a matter of law, in quashing the wage deduction summons against Deere.

The record reveals that Peoples Finance obtained a $4,928.93 judgment against defendants Rebel Saffold and Ruth Saffold in an Iowa civil action. Thereafter, Peoples Finance registered their foreign judgment in Illinois, and the clerk of the court of Rock Island County issued a wage deduction summons to Rebel Saffold's employer, Deere & Company, pursuant to section 4 of "An Act relating to wage deductions * * * " (Ill. Rev. Stat. 1977, ch. 62, par. 74). In its interrogatory answers,

Deere & Company stated that Saffold was no longer employed by it and that he had retired. Deere & Company also answered that Saffold received a monthly pension from the Deere Pension Plan, which plan is governed by and exists pursuant to provisions of the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C.A., §1001 *et seq.* (1976)). Deere & Company answered that the provisions of the plan provide, in pertinent part, as follows:

> "Section 10. Non-encumbrance of Benefits. No employee, retired employee or other beneficiary hereunder shall have any right to assign, alienate, pledge, hypothecate, anticipate, or in any way create a lien upon any part of the Fund, nor shall the interest of any beneficiary or any distributions due or accruing to such beneficiary be liable in any way for the debt, defaults or other obligations of such beneficiary, whether such obligations arise out of contract or tort, or out of the duty to pay alimony or to support dependents, or otherwise."

Deere & Company took the position that this provision, as well as the provisions with respect to alienability in ERISA, prevented any wage deduction order from reaching Saffold's benefits under the pension plan.

Peoples Finance Company called Deere's answers to the interrogatories on for hearing pursuant to section 10 of the wage deduction act (Ill. Rev. Stat. 1977, ch. 62, par. 80). The circuit court ruled that the monthly pension benefits payable to Rebel Saffold under the pension plan were not subject to garnishment or wage deduction orders and it quashed the summons to Deere & Company. From that order, the plaintiff Peoples Finance Company appeals.

Peoples Finance argues that the laws of the State of Illinois allow a judgment creditor to reach, by garnishment or wage deduction proceeding, periodic payments pursuant to a retirement or pension plan, provisions in the plan notwithstanding. Section 3 of the wage deduction act (Ill. Rev. Stat. 1977, ch. 62, par. 73), in pertinent part, states:

> "The maximum wages, salary, commissions, bonuses and periodic payments pursuant to a retirement or pension plan are subject to collection under a deduction order, for any work week shall not exceed the lesser of (1) 15% of such gross amount paid for that week or (2) the amount by which disposable earnings for a week exceed thirty times the Federal Minimum Hourly Wage prescribed by Section 206(a)(1) of Title 29, U.S.C., as amended, in effect at the time the amounts are payable. This provision (and no other) applies irrespective of the place where the compensation was earned or payable and the State where the employee resides. * * * ."

Peoples Finance argues that section 3 governs the instant case and it asserts, without benefit of authority, that the provision of the Deere pension plan restricting the rights of creditors should be held to be ineffective. Peoples Finance also argues that neither pertinent provisions of ERISA or the Internal Revenue Code prevent the wage deduction order in the instant case. *National Bank of North America v. Electrical Workers Local No. 3* (1977), 93 Misc. 2d 590, 400 N.Y.S. 2d 482.

Deere & Company responds, arguing that the provision of their pension plan restricting assignment and alienation, both voluntary and involuntary, is enforceable and valid under Illinois law. The company also argues that Federal law, contained in the provisions of ERISA and the Internal Revenue Code pertaining to the alienability of pension benefits, has preempted the field and acts to prohibit the wage deduction sought to be obtained in the instant case.

We initially consider the question under Illinois law. In *Holowaty v. Prudential Insurance Co.* (1935), 282 Ill. App. 584, a judgment creditor attempted to garnish benefits due a judgment debtor as beneficiary under a policy of insurance on her deceased husband. The policy provided that the proceeds were payable in sixty monthly installments and that the installments were unassignable. The court held that, absent specific authorization in the garnishment act, "the process of garnishment is not applicable to claims which are not assignable." (282 Ill. App. 584, 590.) The court concluded:

> "[W]e hold that the proceeds of the policy constituted a fund in the nature of a trust fund for the benefit of the judgment debtor, which is not subject to garnishment under the statutes of this State." (282 Ill. App. 584, 592.)

In reaching that result, the court relied upon earlier cases holding that payments under a spendthrift trust could not be reached by judgment creditors through garnishment proceedings. (*Congress Hotel Co. v. Martin* (1924), 312 Ill. 318, 143 N.E. 838.) The holding in *Holowaty* was relied upon and reaffirmed by the Illinois Supreme Court in a similar case. (*Roth v. Kaptowsky* (1946), 393 Ill. 484, 66 N.E.2d 664.) Recently, in *Dinwiddie v. Baumberger* (1974), 18 Ill. App. 3d 933, 310 N.E.2d 841, the appellate court held that benefits due under a retirement trust, which trust provided that such benefits were nonassignable and not subject to execution, attachment or garnishment, could not be reached by the retiree's wife to satisfy a judgment for alimony arrearages.

In the instant case, the pension plan fund created by Deere & Company specifically provided that benefits owing under the plan could not be assigned and that a beneficiary's interest would not be liable for debts, defaults or other obligations of the beneficiary. This provision was similar to those in both *Dinwiddie* and *Holowaty* which were upheld to

forbid judgment creditors from reaching the plan's benefits owing to a beneficiary. The clause in the Deere pension plan is valid and enforceable against plaintiff Peoples Finance Company. The pension plan created a fund in the nature of a trust for the benefit of the defendant Rebel Saffold, and we find that the benefits due him under the plan were not subject to wage deduction or garnishment proceedings. *Roth v. Kaptowsky* (1946), 393 Ill. 484, 66 N.E.2d 664; *Dinwiddie v. Baumberger* (1974), 18 Ill. App. 3d 933, 310 N.E.2d 841; *Holowaty v. Prudential Insurance Co.* (1935), 282 Ill. App. 584.

While our conclusion above, under Illinois law, effectively disposes of the appeal, some comment is in order concerning the plaintiff's contention that garnishment and wage deduction of pension plan benefits is permissible under ERISA's provisions. ERISA provides, in pertinent part, that each pension plan "shall provide that benefits provided under the plan may not be assigned or alienated." (29 U.S.C. §1056(d)(1)(1976).) Similarly, the complementary provision of the Internal Revenue Code provides that "[a] trust shall not constitute a qualified trust under this section unless the plan of which such trust is a part provides that benefits provided under the plan may not be assigned or alienated." (26 U.S.C.§401(a)(13)(1976).) While one court has held that the above quoted language of ERISA applies only to voluntary assignments or alienations, and that, therefore, pension plan benefits are subject to claims by judgment creditors (*National Bank v. Electrical Workers Local No. 3* (1977), 93 Misc. 2d 590, 400 N.Y.S.2d 482), the applicable treasury regulations and other courts discussing the issue have concluded that Section 1056(d)(1) of ERISA prevents both voluntary and involuntary assignments or alienations of plan benefits and that this provision has preempted the field (29 U.S.C.§1144(a)(1976)) so that any State law permitting creditors to reach benefits under an ERISA plan would be invalid as violative of the supremacy clause. (See *Cartledge v. Miller* (S.D.N.Y. 1978), 457 F. Supp. 1146; *Cody v. Riecker* (E.D.N.Y. 1978), 454 F. Supp. 22; *Stone v. Stone* (N.D.Cal. 1978), 450 F. Supp. 919; *Electrical Workers Local No. 1 Credit Union v. IBEW-NECA Holiday Trust Fund* (Mo. 1979), 583 S.W.2d 154; *Ward v. Ward* (1978), 164 N.J.Super. 354, 396 A.2d 365.) The court in *Cody v. Riecker* discussed the basis for its conclusion:

"If read literally 29 U.S.C. §1056(d), quoted above, would not foreclose any involuntary diversion of pension benefits such as defendants' levy imposes. The statute requires only that pension plans forbid benefits from being 'assigned' or 'alienated'. These terms imply that the statute seeks only to prevent active disposition of the benefits by the beneficiary. [Citation.]

However, the legislative history throws considerable doubt on

such a reading and indeed appears to assume that a 'garnishment' or a 'levy' is to be treated as an 'assignment' or 'alienation'." (454 F. Supp. 22, 23-24.)

In *Ward v. Ward,* the court also considered the legislative history of ERISA's anti-alienation provision and stated:

"As the legislative history indicates, these provisions are designed to advance the important public policy of 'ensur[ing] that the employee's accrued benefits are actually available for retirement purposes.' [Citation.]

A literal interpretation of 29 U.S.C.A. §1056 would not preclude any involuntary diversion of pension benefits by the process of levy and execution. However, it is clear from the legislative history of this section that in addition to voluntary assignments, Congress also intended to prohibit certain involuntary transfers, such as those arising from debt-based garnishment proceedings." (165 N.J. Super. 354, 359, 396 A.2d 365, 368.)

In both the *Electrical Workers* case (583 S.W.2d 154, 157) and *Cartledge v. Miller* (457 F. Supp. 1146), the courts noted that pertinent treasury regulations, which are entitled to deference (Treas. Reg. §1.401(a)-13(c)(1), reported in Fed. Reg. 6942 (1978)), require that a qualified plan must provide that benefits may not be subject to attachment, garnishment, levy or execution.

In consideration of the legislative history and underlying purpose of ERISA, the treasury regulations interpreting pertinent IRC provisions, and the above persuasive authority, we conclude that section 1056(d) of ERISA prohibits any wage deduction of Deere's pension plan benefits by Peoples Finance Company in this case.

As to the question of whether Illinois law or ERISA would prevent a spouse, with a valid judgment for support or alimony, from reaching pension benefits, we express no opinion thereon, as the question is not before us in this appeal.

The decision of the Circuit Court of Rock Island County quashing the wage deduction summons is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.